18759

The STATE, Respondent, v. Leonard C. HAMILTON, Appellant

(159 S. E. (2d) 607)

2

Messrs. *Thomas W. Whiteside, Bobby M. Pruitt,* and *Franklin M. Mann,* of Spartanburg, *for Appellant,*

Messrs. *John H. Nolen, Solicitor* and *Milton A. Smith, Assistant Solicitor,* of Spartanburg, *for Respondent,*

February 14, 1968.

BRAILSFORD, Justice.

This is an appeal by Leonard C. Hamilton from his conviction of the murder of a Spartanburg storekeeper and his sentence to death by electrocution. Appellant was arrested without a warrant about five hours after discovery of the homicide. A billfold, a social security card and certain pictures belonging to the victim were found in his possession. These exhibits were admitted in evidence at the trial. The principal ground of appeal is that they should have been excluded as the fruits of an illegal search and seizure in violation of the appellant's rights under the state and federal constitutions.

The Fourth Amendment to the Constitution of the United States, and Article I, Section 16, of the Constitution of South Carolina, in identical language, proscribe unreasonable searches and seizures. Under our long-settled rule that exhibits which are pertinent to an issue on trial may be received in evidence regardless of the means by which they were obtained, no state constitutional problem is involved. *State v. Atkinson,* 40 S. C. 363, 18 S. E. 1021; *State v. Addy,* 210 S. C. 353, 42 S. E. (2d) 585. It was once axiomatic that the Bill of Rights, the first eight amendments

to the Constitution of the United States, imposed limitations upon the federal government only and were not applicable to the states. However, in *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. (2d) 1081, the Supreme Court of the United States held that by the Fourteenth Amendment to the Constitution of the United States the Fourth Amendment has been made applicable to the states, and with it the comparatively recent federal doctrine forbidding the admission of evidence obtained by an unreasonable search and seizure. For the history of the development of this exclusionary doctrine and a discussion of the impact of *Mapp,* see 8 Wigmore, Evidence, Sec. 2183 (McNaughton Rev. 1961) and Sec. 2183a, (Supp. 1964).

When the defendant was arrested by police officers of the City of Spartanburg, he was taken to police headquarters and required to empty his pockets. The items which have been enumerated were thus discovered and seized by the officers. The applicable federal doctrine sanctions a warrantless search and seizure incident to a lawful arrest. *Draper v. United States,* 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. (2d) 327. The point that the exhibits were the fruits of an unlawful search and seizure is bottomed upon the claim that the appellant's arrest without a warrant was illegal. The following quotation from *Beck v. State of Ohio,* 379 U. S. 89, 85 S. Ct. 223, 13 L. Ed. (2d) 142, is applicable and states the test which must be applied in resolving this issue:

"The constitutional validity of the search in this case, then, must depend upon the constitutional validity of the petitioner's arrest. Whether that arrest was constitutionally valid depends in turn upon whether at the moment the arrest was made, the officers had probable cause to make it— whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed * * * an offense." 379 U. S. at 91, 85 S. Ct. at 225.

It is the function of the court to determine from the evidence whether a warrantless arrest was supported by probable cause. *Beck v. State of Ohio, supra.* Here the evidence failed to disclose the facts and circumstances which were known to the officers when the arrest was made. Indeed, it appears that the prosecutor acted upon the erroneous view that testimony as to the information furnished the officers by others was unnecessary and would violate the hearsay rule. See 6 Wigmore, Evidence, Sec. 1789 (3d ed. 1940). Since testimony on the point was not developed at the trial, it is impossible to ascertain from the record whether or not probable cause for the arrest existed.

The situation is analogous to that in *State v. Cannon,* 248 S. C. 506, 151 S. E. (2d) 752, in which a principal ground of appeal was the admission in evidence of a confession without a determination of its voluntariness by a tribunal other than the trial jury, as required by the decision of the United States Supreme Court in *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908. Finding the other grounds of appeal to be without merit and conforming to our view of the requirements of *Jackson v. Denno, supra,* without granting a new trial, we remanded the case to the trial court for an independent determination of the voluntariness of the confession. We pointed out that if, in fact, the confession was voluntary, the appellant suffered no actual prejudice because this determination was not made at the trial.

As in *Cannon,* no injustice has been done to appellant here if, in fact, the police had probable cause for arresting him. Determination of the probable cause issue was, and is, the function of the court and can be made now without prejudice to appellant's rights, which will depend upon the event of that determination.

Counsel for appellant also contend that, even assuming the admissibility of the challenged exhibits, the evidence was insufficient to sustain a conviction.

We think that the contrary plainly appears and find no merit in the exception raising this question.

Appellant next charges that the court erred in refusing to quash the indictment upon the ground that it had been returned by a grand jury from which women had been systematically excluded in violation of the Fourteenth Amendment to the Constitution of the United States. It was decided in *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873, to which we adhere, that this contention is devoid of merit.

When the jurors were about to be placed upon their *voir dire,* appellant's counsel requested that an additional question be propounded: "If (a juror) answers that he does believe in capital punishment, would he also be disposed to grant mercy in a case under a given set of facts and circumstances?" The trial judge inquired of each prospective juror, in the manner which has long been customary in this state, whether he was opposed to capital punishment, but refused to ask the question suggested by counsel. The final assignment of error argued in the brief is directed at the court's disallowance of this question.

We pointed out in *State v. Britt,* 237 S. C. 293, 117 S. E. (2d) 379, where a similarly motivated question was refused, "that after the statutory questions have been asked and answered, any further examination of a juror on *vior dire* must be left to the discertion of the trial Judge, which is subject to review only for abuse thereof." The question suggested by counsel was ambiguous, which was a sufficient reason for its disallowance. Of course, the trial judge might have, in the exercise of his discretion, interrogated the jurors in an appropriate manner to disclose whether any of them had a conviction or scruple against recommending mercy for a defendant found guilty of a capital offense. It is mandatory that such questions be asked or allowed when requested in some jurisdictions. See *Jones v. People,* 155 Colo. 148, 393 P. (2d) 366; *State v. Jackson,* 227 La. 642, 80 So. (2d) 105; *People v. Im-*

*bler,* 57 Cal. (2d) 711, 21 Cal. Rptr. 568, 371 P. (2d) 304. However, we adhere to our opinion in *State v. Britt, supra,* 237 S. C. 293, 117 S. E. (2d) 379, while agreeing with this expression by the Supreme Court of Massachusetts in *Commonwealth v. Ladetto,* 349 Mass. 237, 245, 207 N. E. (2d) 536, 541-542:

"While we see no abuse of discretion or denial of a constitutional right, we cannot but observe that, in view of the jury's power * * * to recommend that the death sentence be not imposed, it would (be) a wise exercise of discretion for the judge to inquire of veniremen on the voir dire whether they had any opinion which would prevent their making such a recommendation."

In the light of the foregoing, this case is remanded to the Court of General Sessions for Spartanburg County for a hearing and a determination by the court of whether at the time of appellant's arrest the arresting officers had probable cause to believe him guilty of the crime in question. Both the state and the defendant shall have the right to introduce evidence on this issue. If it is determined that probable cause did exist, it will follow that the questioned exhibits were properly received in evidence, and an order dismissing the appeal shall be entered by this court. If it be determined that the officers did not have probable cause for appellant's arrest, an order reversing appellant's conviction and granting him a new trial shall be entered.

Remanded.

Moss, C. J., LEWIS and BUSSEY, JJ., and LIONEL K. LEGGE, Associate Justice, concur.