## 18980

The STATE, Respondent, v. Jerry COLLINS, Appellant

(170 S. E. (2d) 667)

*Messrs. Arrowsmith & Jackson* and *Marvin P. Jackson, Jr.,* of Florence, *for Appellant,*

*Messrs. T. Kenneth Summerford,* Solicitor, and *David W. Keller, Jr.,* of Florence, *for Respondent,*

Nov. 6, 1969.

BUSSEY, Justice.

The defendant-appellant was convicted by a jury and sentenced on June 3, 1969 on a charge of a second offense violation of Sec. 46-192.1 of the 1962 Code of Laws, as amended by Act No. 146 of the 1967 Acts of the General Assembly, which prohibits one from operating an automobile upon a public highway at a time when his license to drive or privilege to do so is "cancelled, suspended or revoked". Admittedly, an order of suspension issued by the South Carolina State Highway Department, pursuant to Secs. 46-722 *et seq.*, of the 1962 Code of Laws, on August 7, 1968 and effective August 28, 1968, was in force and effect on the date of the alleged offense.

Upon the trial of the case the appellant moved for a directed verdict of not guilty on the sole ground that the State had presented no evidence that a driver's license had ever been issued to him pursuant to Sec. 46-163 of the Code, and accordingly, that he could not be guilty of the offense charged against him. The appeal is from the denial of such motion for a directed verdict.

The record does not contain a transcript of the testimony. The statement of the case concedes that the State presented no evidence that the appellant had ever had a driver's license, but the record shows that there was evidence that a beginner's permit had been issued to the appellant pursuant to Sec. 46-155 of the Code, and that the case was submitted to the jury on the theory that a beginner's permit was a "privilege to drive" within the purview of Code Sec. 46-192.1.

While the exceptions on the part of the appellant and the questions stated by him are several, there is actually

only one contention properly preserved and presented to this court for decision on appeal. Such contention is that a beginner's permit does not constitute a "privilege" to operate a motor vehicle within the purview of Code Sec. 46-192.1. It is urged, *inter alia,* that the offense of which appellant was convicted "is not enumerated" in the statute under which he was charged, there being no express reference therein to the revocation or suspension of a beginner's permit.

The appeal, we think, is clearly without merit. No one has an absolute right to operate a motor vehicle upon a public highway. The operation of such is a privilege which may be and has been extended to individuals under various circumstances, by sundry statutory provisions of this State. See generally 7 Am. Jur. (2d) 668, Automobiles and Highway Traffic, Sec. 97; S. C. *State Highway Dept. v. Harbin,* 226 S. C. 585, 86 S. E. (2d) 466 (1955). Code Sec. 46-153 exempts various persons from the statutory requirement of a license to drive a motor vehicle and, hence, accords them the privilege of operating a vehicle without a license. Sec. 46-157 provides for a temporary driver's permit and thus grants, within the purview of that section, the privilege to operate a motor vehicle without a regular driver's license. Sec. 46-156 authorizes a student's instruction permit extending, within the limitations of that section, the privilege to drive a motor vehicle without a driver's license. Likewise, Sec. 46-155 provides for the issuance of a beginner's permit which grants, within the limitations of that section, the privilege to drive a motor vehicle without a driver's license.

Sec. 46-192.1 of the Code, which appellant here was convicted of having violated, is a portion of Chapter 4 of Title 46. Code Sec. 46-151 defines various terms for the purposes of Chapter 4 and included is the following definition:

"(14) 'Suspension of driver's license:' The temporary withdrawal by formal action of the Department of a per-

son's driver's license or *privilege to operate a motor vehicle* on the public highways, which temporary withdrawal shall be specifically designated." (Emphasis added).

Code Sec. 46-192.1, which appellant was convicted of violating, commences with the following pertinent language:

"Any person who drives a motor vehicle on any public highway of this State at a time when his license to drive or *privilege to do so* is cancelled, suspended or revoked * * *." (Emphasis added).

The italicized language in the above quotations was added to existing pertinent statutes by Act No. 255 of the 1959 Acts of the General Assembly, which act amended in various particulars Chapter 4 of Title 46 entitled "licenses To Drive Motor Vehicles." When the various pertinent provisions of Chapter 4 are read in conjunction, it seems to us crystal clear that the words "license to drive or privilege to do so", appearing in Code Sec. 46-192.1, were intended to and do clearly include any and all privileges to operate a motor vehicle upon the public highways of this State, including the privilege extended by a beginner's permit.

The exceptions of the appellant are, in our view, without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.