21542

The STATE, Respondent, v. Albert "Bo" THOMPSON, Appellant.

(281 S. E. (2d) 216)

618

*Thomas W. Greene* and *Jerry L. Taylor,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Kay G. Crowe* and *State Atty. Harold M. Coombs, Jr.,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

August 6, 1981.

GREGORY, Justice:

This appeal is from a conviction of armed robbery. Appellant was sentenced to twenty-five (25) years imprisonment. We affirm.

The conviction and the sentence stem from the armed robbery of a convenience store at Easley, South Carolina.

Throughout the trial, appellant contended he was not in South Carolina at the time of the robbery. However, numerous witnesses testified they had seen the appellant in South Carolina after the date when he said he had left the state. The clerk of the convenience store at the time of the robbery testified she was almost positive appellant was the one who stuck a gun to her head and demanded money. The appellant's accomplice testified as to appellant's role in the robbery.

Appellant first contends the in-court identification of him by the store clerk should have been excluded. Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a

very substantial likelihood of irreparable misidentification. *Simmons v. United States,* 390 U. S. 377, 88 S. Ct. 967, 19 L. Ed. (2d) 1247 (1968); *State v. Stewart,* S. C., 272 S. E. (2d) 628 (1980).

The factors to be considered in determining the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and confrontation. *State v. Stewart, supra.*

Here, the clerk testified she really never got a good look at the appellant except for his eyes. She failed to identify the accused in two photographic line-ups, one held two months after the robbery and the other ten days before trial. When she failed to identify the accused at the second line-up, the police officer pointed to his picture and said, "This is the man who robbed you." At the trial, which took place nearly two years after the robbery, the clerk testified she was "almost positive" the appellant was the robber.

Considering all these factors, there is substantial likelihood of misidentification by the clerk. Hence, the trial judge should not have permitted her in-court identification of appellant.

However, for the error to require reversal, the appellant must be sufficiently prejudiced by it. In *Bruton v. United States,* 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. (2d) 476 (1968) the Supreme Court pointed out that "[a] defendant is entitled to a fair trial but not a perfect one." Appellant's accomplice testified, subject to cross examination, against appellant at trial and identified him in court. In light of the accomplice's damaging testimony and other corroborative evidence linking ap-

pellant to the crime, the improper in-court identification by the clerk was merely cumulative to independent and overwhelming evidence of guilt. See *State v. Blackburn,* 271 S. C. 324, 247 S. E. (2d) 334 (1978); *Schneble v. Florida,* 405 U. S. 427, 92 S. Ct. 1056, 31 L. Ed. (2d) 340 (1972), *Harrington v. California,* 395 U. S. 250, 89 S. Ct. 1726, 23 L. Ed. (2d) 284 (1969); *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705 (1967). Thus, the error was harmless.

Appellant next contends the trial judge should have granted a mistrial when the accomplice's wife, a state's witness, had this colloquy with defense counsel:

"Q. Would you not lie for him, Miss Bowens, if you knew it was going to save his life?

"A. No, I still wouldn't lie for him. You're the one who killed him because he told me out of his own mouth.

"Q. What?

"A. Bo Thompson toll me he shot the man on his own mouth."

Tr., p. 131, lines 4-10.

While denying the motion for mistrial, the trial judge admonished the jury to disregard the colloquy.

A mistrial should not be ordered in every case where incompetent evidence is received and later stricken out. *State v. Craig,* 267 S. C. 262, 227 S. E. (2d) 306 (1976). "This Court favors the exercise of the wise discretion of the circuit judge in determining the merits of such motion in each individual case." *Id.,* at 268, 277 S. E. (2d) 306. Among the factors to be considered are the character of the testimony, the circumstances under which it was offered, the nature of the case, the other testimony in the case, and perhaps other matters. *Id.*

Considering the overwhelming evidence against the appellant, the colloquy between the witness and defense counsel, and the instruction to disregard the testimony, we find no abuse of discretion.

Appellant next argues testimony by numerous witnesses that appellant was in South Carolina after the date he claimed to have left was an impermissible attack on his character.

While the state may not attack a criminal defendant's character unless he places it in issue, relevant evidence admissible for other purposes may not be excluded merely because it incidentally reflects upon the defendant's reputation. *State v. Faulkner*, 274 S. C. 619, 266 S. E. (2d) 420 (1980). False and conflicting statements and attempts to run away have always been regarded as some evidence of guilty knowledge and intent. *Town of Hartsville v. Munger*, 93 S. C. 527, 77 S. E. 219 (1913).

At trial, the solicitor stated the evidence was introduced to show an attempt to avoid detection, apprehension and identification. We find no error.

Appellant next contends a police officer should not have been permitted to testify concerning a conversation between the two when appellant was fingerprinted. He argues the conversation constituted an impermissible interrogation after appellant had exercised his right to remain silent.

The principles to be applied in determining whether an "interrogation" has occurred in violation of *Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966), have been outlined in *Rhode Island v. Innis*, 446 U. S. 291, 100 S. Ct. 1682, 64 L. Ed. (2d) 297, at 307, 308 (1980):

" 'Interrogation,' as conceptualized in the *Miranda* opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself.

"We conclude that the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to

say, the term 'interrogation' under *Miranda* refers not only to express questioning but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."

Here, the appellant rather than the officer initiated the conversation. Fingerprinting in an action normally attendant to arrest and custody. The answers the officer gave to the appellant's questions were not such that he should have known they were reasonably likely to elicit a response from the appellant. Therefore, appellant's *Miranda* rights were not violated.

Appellant next contends a preliminary hearing should have been held in Pickens County and that the preliminary hearing which was held in Greenville County was so structured as to deprive him of effective assistance of counsel.

At the hearing, the state introduced only one witness, a police officer who read the accomplice's statement into the record. Appellant contends this procedure deprived him of the right to cross examination and discovery of the State's witnesses.

In *State v. Jones,* 273 S. C. 723, 259 S. E. (2d) 120 (1979), we held it was permissible for the chief investigating officer to read into the record statements of other unavailable witnesses at a preliminary hearing. However, there, direct testimony of the officer's investigation was offered as well as the hearsay testimony.

The absence of direct testimony here would not ██ ██ change the result of *Jones* since the appellant was apprised of the nature of the state's evidence. The accused is not allowed to expand the hearing into a discovery proceeding where he may cross examine all the state's witnesses or require the state to come forward with all its witnesses and evidence. *Id.*

Appellant next argues the State should have been required to provide him with a list of its witnesses before the trial in accordance with his request.

There is no general discovery in criminal cases in South Carolina. *State v. Mixon*, S. C., 274 S. E. (2d) 406 (1981). Furthermore, a solicitor's failure to reveal information to a defendant does not warrant reversal unless the omission has deprived the defendant of a fair trial. *State v. Penland*, S. C., 273 S. E. (2d) 765 (1981).

Here, there is absolutely no showing the list of witnesses withheld from appellant deprived him of a fair trial.

Finally, appellant contends the jury panel should have been quashed because blacks were systematically excluded from service by the state's exercise of its peremptory strikes. The appellant is black.

Peremptory challenges may be exercised for any reason or no reason at all. *State v. Richburg*, 250 S. C. 451, 158 S. E. (2d) 769 (1968).

Furthermore, in the absence of a showing of when, how often and under what circumstances the particular prosecutor had been responsible for striking members of a particular race, it is constitutionally permissible for the prosecutor to use his peremptory strikes to eliminate all of the accused's race from a jury. *Swain v. Alabama*, 380 U. S. 202, 85 S. Ct. 824, 13 L. Ed. (2d) 759 (1965).

Here, appellant failed to make the required showing. In fact, a member of the appellant's race was seated and served on the jury without the state exhausting its peremptory challenges.

For the foregoing reasons, we affirm appellant's conviction and sentence.

Affirmed.

LITTLEJOHN, NESS and HARWELL, JJ., concur.

LEWIS, C. J., concurs in result.