0668

David B. THOMPSON, Respondent v. Donald E. SMITH, Jr., Appellant.
(345 S. E. (2d) 500)

Court of Appeals

*T. Emmett Walsh* and *Marshall T. Walsh,* both of *Gaines & Walsh,* Spartanburg, *for appellant.*

*Gary L. Compton,* Spartanburg, *for respondent.*

Heard Feb. 18, 1986.

Decided March 31, 1986.

GARDNER, Judge:

Thompson sued Spartanburg City Policeman Smith for false arrest and imprisonment; the jury awarded Thompson $10,000. We reverse and remand.

On July 3, 1982, 17 year old Thompson purchased a car. On July 4, 1982, before he insured the car, Thompson was involved in an accident by which he caused about $400 damage to the other car.

At about 2:00 a.m. on September 2, 1982, Thompson drove his father to a grocery store. The car he was driving had expired tags, but it was lawful for Thompson to drive it because he purchased it only a few days earlier. Smith approached Thompson about the expired tags. Thompson withdrew some papers from his car to show that it was lawful for him to drive the automobile because he had just bought it; among these papers was a notice from the Highway Department that his license would be suspended on September 1, 1982, unless before that time he complied with one of six enumerated measures designed to insure compensation to the driver of the other automobile which Thompson had damaged. Smith then questioned Thompson about this; Thompson told Smith that he had obtained a 10-day extension of time to comply with the requirements. Smith told Thompson that he could not believe every "teenage punk"; he called SLED but the computer was closed

down and thereupon he arrested Thompson and jailed him. At about 4:30 a.m., after jailing Thompson, the police discovered that Thompson's license had not been revoked; the police, nevertheless, kept Thompson in jail for about another hour.

We reject all but one of the questions raised by Smith on appeal. That question pertains to the failure of the trial judge upon timely request to define probable cause.

The trial judge without objection throughout the trial of this case adopted the position that an officer might arrest for a misdemeanor where he has probable cause to believe that a misdemeanor is being committed in his presence and that the arrested person is the misdemeanant. This is the majority rule. 6A C. J. S. *Arrest* Section 20(d) (1975). Upon timely request to charge, however, the trial judge refused to define probable cause. While we adhere to the proposition that mere suspicion or belief that a misdemeanor has been committed is insufficient to warrant an arrest without a warrant, under the circumstances we hold that the trial judge should have defined probable cause.

The jury should have been instructed that even though the arrest was illegal if based only upon a mere suspicion or belief, if Smith had probable cause to make the arrest it was not a wrongful arrest and that probable cause, under the circumstances, was a question of fact for the jury.[1]

Probable cause is defined as a good faith belief that a person is guilty of a crime when the belief rests on such grounds as would induce an ordinarily prudent and *cautious* person, under the circumstances, to believe likewise. 6A C. J. S. *Arrest* Section 22 (1975). The trial judge should have charged further that probable cause for arrest in misdemeanor cases without a warrant is something more than a mere suspicion of the guilt of the accused and that an arrest made on a hunch, or on a mere belief or guess unsupported by facts, circumstances or credible information

---

[1] Probable cause is a mixed question of law and fact; however, since Thompson failed to move for a directed verdict as to liability, probable cause became, in the trial of this case, a question of fact for the jury to decide.

pointing to the guilt of the person arrested cannot be justified as having been made on probable cause. Probable cause may be found somewhere between suspicion and sufficient evidence to convict. In determining the presence of probable cause for arrest, the probability cannot be technical, but must be factual and practical considerations of everyday life on which reasonable, prudent and *cautious* men, not legal technicians, act. 6A C. J. S. *Arrest* Section 24 (1975).

We hold that the trial judge's failure to define probable cause was reversible error.

Furthermore, the judgment must be reversed for an additional reason. In his charge to the jury the judge stated:

> I would instruct you that a police officer may, without a warrant, lawfully arrest a person whenever the police officer has probable cause to believe that the person arrested has committed an offense in the presence of the officer. So, if you determine that the plaintiff in the case did commit some offense within the presence of the officer, then that's a proper matter for you to consider in viewing the conduct of the officer in this case.

Without guidance from the court on the meaning of "probable cause," this statement may well have led the jury to believe the dispositive issue was whether Thompson was actually guilty of driving under suspension, not whether Smith had a legally sufficient basis to arrest. Since "probable cause," not guilt or innocence, was the question for the jury to decide, the judge's statement focused attention on the wrong issue and constituted reversible error.

We hasten to add, however, that in the case before us the trial judge should have and must on retrial also instruct the jury that false arrest and imprisonment consists in the unlawful restraint of an individual's personal liberty or freedom of locomotion. The essence of the tort is to provide protection of the personal interest in the freedom each citizen enjoys as a matter right from restraint of movement. In addition to probable cause to make the arrest it is a question of fact, in this case, as to whether the officers acted reasonably in detaining Thompson approximately one hour after becoming informed that Thompson's license was in force. If the jury should determine that the police did not

act reasonably prompt in releasing Thompson after becoming aware of his innocence, then from the time that the police became aware of Thompson's innocence, no question of probable cause exists and Thompson would be entitled to damages for false imprisonment for this period of time.

All other exceptions are rejected as being without merit but for the reasons stated above, the appealed order is reversed and the case remanded for a trial *de novo*.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.