24011

Michael MILLER, Deceased, Employee, by Mildred MILLER, Mother, Laurence M. Felder, Felicia M. Felder, and Kristella Hamm, minor children, Claimants, Respondents v. STATE ROOFING COMPANY, Employer, and U.S. Fidelity & Guaranty Company, Carrier, Appellants.

(441 S.E. (2d) 323)

Supreme Court

R. Lewis Johnson and L. Elaine Mozingo, both of Barnes, Alford, Stork & Johnson, Columbia, for appellants.

John C. Land, III, of Land, Parker & Reaves, P.A., Manning, for respondents.

Heard Dec. 10, 1993.

Decided Feb. 7, 1994.

CHANDLER, Acting Chief Justice:

In this Workers' Compensation case, Single Commissioner and Full Commission denied benefits to the beneficiaries of Michael Miller, deceased (Employee), holding that his drowning death did not arise in the course of his employment for State Roofing Company (Employer). Circuit Court reversed; Employer appeals.

We reverse and reinstate Commission's Order.

## FACTS

Employee, a laborer for State roofing Company of Sumter, was transported to Augusta, Georgia, on Monday, July 16, 1990, for work on a roofing job at the Naval Reserve Center. While in Augusta, Employee was housed by Employer at Horn's Motor Lodge and was furnished $10 per day food allowance.

On Wednesday, July 18, Employer's roofing crew arrived at the job site approximately 6:30 a.m. Due to rain, work was discontinued and employees returned to the motel. Several workers were directed back to the job site for inspection of leaks. Employee and another laborer, Walter Moore, remained at the motel where they sat out by the pool. Employee, who could not swim, went into the deep end of the pool and drowned.

Single Commissioner denied Employee's beneficiaries benefits, finding that Employer had no control over his off-duty activities. Full Commission affirmed. Circuit Court reversed, holding that Employee was under the control and custody of Employer at the time of his death.

## ISSUE

Were the findings of the Single Commissioner and the Full Commission supported by substantial evidence?

## DISCUSSION

Circuit Court found that Employee was "on-call," and subject to Employer's control, such that his drowning death arose in the course and scope of his employment. Employer contends Circuit Court substituted its view of the evidence for Commission's. We agree.

454

The substantial evidence standard of the Administrative Procedures Act governs judicial review of factual findings of the Industrial Commission. *Lark v. Bi-Lo,* 276 S.C. 130, 135, 276 S.E. (2d) 304, 306 (1981). Substantial evidence is "not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." *Id.*

Here, there is clearly conflicting evidence as to whether Employee was still "on-call" at the time he drowned and whether, due to the wet condition of the roof, there was *any* possibility that employees would have returned to work that day. There was, further, conflicting testimony as to whether employees were instructed to remain at the motel. On this record it is clear that reasonable minds could reach the conclusion of the Single Commissioner and Full Commission. Accordingly, Circuit Court's order is

Reversed.

FINNEY and MOORE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.