513 S.E.2d 619

**John Patrick SUMMERSELL, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF
PUBLIC SAFETY, Respondent.**

No. 2934.

Court of Appeals of South Carolina.

Heard Jan. 14, 1999.
Decided Feb. 1, 1999.
Rehearing Denied March 27, 1999.

L. Scott Harvin, of Hetrick Law Firm, of Walterboro, for Appellant.

Senior Assistant General Counsel Patrick M. Teague and General Counsel Frank L. Valenta, Jr., both of South Carolina Department of Public Safety, of Columbia, for Respondent.

ANDERSON, Judge:

John Patrick Summersell was arrested for driving under the influence. He refused to submit to a breathalyzer test. As a result, the South Carolina Department of Public Safety (the Department) suspended Summersell's driving privileges. Upon Summersell's request, the Department held an administrative hearing for the purpose of determining whether the Department properly suspended Summersell's license because he refused to submit to a breathalyzer test. The hearing officer recommended the Department's decision to suspend Summersell's driver's license be sustained. The circuit court affirmed. Summersell appeals. We affirm.

## FACTS/PROCEDURAL BACKGROUND

On December 13, 1996, at approximately 2:23 a.m., Officer Sheri Avenel responded to a call from Angler's Mini–Mart reporting a disabled vehicle. Upon arrival at the store, Avenel spoke with Fort,[1] who explained Summersell had driven an automobile off of Long Point Road into a ditch.

Avenel accompanied Fort to the scene, where she observed Summersell "passed out" in the driver's seat of the automobile with the keys in the ignition. Avenel knocked on the window in an effort to get Summersell's attention. Fort opened the driver's side door and assisted Summersell in getting out of the automobile after Summersell was unable to do so on his own.

Once outside of the vehicle, Summersell was unsteady on his feet and fell onto the vehicle several times while "trying to catch his balance." Summersell stumbled and almost fell as Avenel helped him to the rear of the automobile. Summersell failed to respond when Avenel asked for his driver's license and for a recount of the incident. Summersell did not answer when Avenel questioned whether he had been drinking. According to Avenel, Summersell smelled strongly of alcohol. She observed Summersell's eyes were extremely red, he could not "keep his balance," and he was unable to focus during questioning. When Avenel arrested Summersell for driving under the influence, Summersell "said something to the effect

---

1. In the record, Officer Avenel refers to this man only as "Mr. Fort."

that there was nothing wrong with sitting in a car and having something to drink."

Officer Avenel did not witness Summersell driving the automobile. However, Avenel stated the roads were wet. She could see the tire tracks where the automobile left Long Point Road, and the tracks made when Summersell was backing and turning the automobile in an effort to escape the ditch. Avenel testified her investigation of the scene revealed the tire tracks were "fresh," and the incident occurred "sometime that evening."

At the police station, Officer Robert C. Catlett read an implied consent warning to Summersell, who responded he understood the warning. Catlett testified Summersell appeared to be alert. Summersell refused to submit to the breathalyzer test when it was offered to him. Catlett filled out a report indicating Summersell's refusal to consent to the breathalyzer test.

Thereafter, the Department suspended Summersell's driving privileges based upon Summersell's refusal to submit to the breathalyzer test. Summersell requested an administrative hearing pursuant to S.C.Code Ann. § 56–5–2950(e) (1991)[2]. The Department informed Summersell in writing the sole issues to be resolved by the hearing were limited by statute as follows: 1) was he placed under arrest, 2) was he informed he did not have to take the test, but that upon refusal his driving privileges would be suspended, and 3) did he refuse to take the test upon request by the officer. The hearing officer ruled (1) Summersell was placed under arrest for driving under the influence; (2) Summersell was advised of his right not to take the test and his driving privileges would be suspended upon refusal to take the test; (3) Summersell refused to submit to the breathalyzer test when it was offered to him; and (4) the Department's decision to suspend Summersell's driver's license should be sustained.

Summersell appealed to the circuit court. The circuit judge found there was substantial evidence in the record to support the hearing officer's decision and denied the appeal. This appeal followed.

---

**2.** South Carolina Code Ann. § 56–5–2950 has been amended effective June 29, 1998.

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act, S.C.Code Ann. § 1–23–310, *et seq.* (Rev.1986 & Supp.1998), establishes the "substantial evidence" rule as the standard for judicial review of a decision of an administrative agency. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981). South Carolina Code Ann. § 1–23–380(A)(6) (Supp.1998) provides:

The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence. *Kearse v. State Health & Human Servs. Fin. Comm'n,* 318 S.C. 198, 456 S.E.2d 892 (1995). A court may not substitute its judgment for that of an agency as to the weight of the evidence on questions of fact unless the agency's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *Rodney v. Michelin Tire Corp.,* 320 S.C. 515, 466 S.E.2d 357 (1996). Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action. *Miller v. State Roofing Co.,* 312 S.C. 452, 441 S.E.2d 323 (1994); *Stokes v. First Nat'l Bank,* 306 S.C. 46, 410 S.E.2d 248 (1991). *See also*

*Palmetto Alliance, Inc. v. South Carolina Public Serv.
Comm'n,* 282 S.C. 430, 319 S.E.2d 695 (1984) (substantial
evidence is something less than weight of evidence and possi-
bility of drawing two inconsistent conclusions from evidence
does not prevent administrative agency's finding from being
supported by substantial evidence). In reviewing a final
decision of an administrative agency, the circuit court essen-
tially sits as an appellate court to review alleged errors
committed by the agency. *Kiawah Resort Assocs. v. South
Carolina Tax Comm'n,* 318 S.C. 502, 458 S.E.2d 542 (1995).
*See also Byerly Hosp. v. South Carolina State Health and
Human Servs. Finance Comm'n,* 319 S.C. 225, 460 S.E.2d 383
(1995) (in appeal from administrative agency, APA requires
Supreme Court to affirm if decision of agency is supported by
substantial evidence and Court may not substitute its judg-
ment for that of agency upon questions as to which there is
room for difference of intelligent opinion).

## *LAW/ANALYSIS*

### I. Probable Cause/Hearsay Evidence

■ Summersell argues the hearing officer erred in allow-
ing the Department to elicit hearsay testimony during the
administrative hearing. We disagree.

At the hearing, Officer Avenel testified Fort[3] said Summer-
sell drove the automobile into the ditch. Summersell objected
on hearsay grounds. The objection was overruled by the
hearing officer.

■ The first prong at issue under the statute is whether
Summersell was placed under arrest. The determination of
whether a person was "lawfully arrested" for driving under
the influence is one of the pertinent issues to be decided in an
administrative appeal from the Department's suspension of a
person's driving privileges. S.C.Code Ann. § 56-5-2950(e)
(1991). *See also* 1970 S.C. Att'y Gen. Op. No. 2897 (question
of lawful arrest is appropriate issue in hearing pursuant to
refusal to submit to breathalyzer test). The fundamental
question in determining the lawfulness of an arrest is whether

---

3. Fort did not testify at the hearing.

probable cause existed to make the arrest. *Wortman v. City of Spartanburg*, 310 S.C. 1, 425 S.E.2d 18 (1992).

 "Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe likewise." *Wortman*, 310 S.C. at 4, 425 S.E.2d at 20. "[P]robable cause for arrest in misdemeanor cases without a warrant is something more than a mere suspicion of the guilt of the accused and . . . an arrest made on a hunch, or on a mere belief or guess unsupported by facts, circumstances or credible information pointing to the guilt of the person arrested cannot be justified as having been made on probable cause." *Thompson v. Smith*, 289 S.C. 334, 336–37, 345 S.E.2d 500, 502 (Ct.App. 1986), *overruled in part on other grounds by Jones v. City of Columbia*, 301 S.C. 62, 389 S.E.2d 662 (1990). Probable cause may be found somewhere between suspicion and sufficient evidence to convict. *Id.* In determining the presence of probable cause for arrest, the probability cannot be technical, but must be factual and practical considerations of everyday life on which reasonable, prudent and cautious men, not legal technicians, act. *Id.*

 Hearsay testimony is admissible to establish probable cause. In *State v. Dingle*, 279 S.C. 278, 306 S.E.2d 223 (1983), the Court held an officer may present hearsay testimony in a preliminary hearing to establish probable cause for arrest. The Court opined:

> Although it is generally correct to state that the purpose of a preliminary hearing is to "apprise the defendant of the nature of the State's evidence," its purpose is more specifically ". . . to establish that probable cause exists to continue the criminal process. The State has the burden of proving probable cause, but is not required to call all of its potential witnesses." To this end, we have previously held that hearsay testimony as to the nature of the State's evidence is permissible.

*Dingle*, 279 S.C. at 283–84, 306 S.E.2d at 226 (citation omitted). *See also State v. Thompson*, 276 S.C. 616, 281 S.E.2d 216 (1981) (hearsay testimony is admissible in preliminary hearing to show probable cause for arrest; State is not

required to come forward with all of its witnesses and evidence); *State v. Jones*, 273 S.C. 723, 259 S.E.2d 120 (1979) (hearsay testimony does not render preliminary hearing on probable cause unlawful); *State v. Hamilton*, 251 S.C. 1, 159 S.E.2d 607 (1968) (prosecutor acted upon "erroneous view" that hearsay testimony furnished by officers was inadmissible to show existence of probable cause for arrest).

In this case, Avenel's testimony related to probable cause for arrest. Concomitantly, the hearsay testimony was admissible. Therefore, the hearing officer did not err in allowing the testimony.

## II. Does § 56–5–2950(e) Mandate a Showing of "Driving a Vehicle?"

 Summersell maintains the hearing officer erred in sustaining the Department's suspension of Summersell's driving privileges because the Department failed to prove Summersell drove a vehicle while under the influence of alcohol. We disagree on the basis that Summersell misinterprets the purpose and scope of the administrative hearing.

 The license to operate a motor vehicle upon the public highways of this state is not a property right, but is a mere privilege subject to reasonable regulations under the police power in the interest of the public safety and welfare. *State v. Collins*, 253 S.C. 358, 170 S.E.2d 667 (1969); *South Carolina State Hwy. Dep't v. Harbin*, 226 S.C. 585, 86 S.E.2d 466 (1955). Such privilege is always subject to revocation or suspension for any cause relating to public safety. *Harbin*, *supra*. However, the privilege cannot be revoked arbitrarily or capriciously. *Id.*

The "implied consent" statute, S.C.Code Ann. § 56–5–2950(a) (Supp.1997), governs the suspension of an individual's driving privileges upon failure to take the chemical test:

A person who operates a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs if arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle while under the influence of alcohol, drugs, or a combination of them. . . .

No tests may be administered or samples taken unless the person has been informed that he does not have to take the test or give the samples but that his privilege to drive must be suspended or denied for ninety days if he refuses to submit to the tests.

When the Department receives a report from a law enforcement officer indicating a person arrested for driving under the influence refused to consent to chemical tests of his breath, blood, or urine to determine the presence of alcohol, the Department must suspend that person's driving privileges for a period of ninety days. S.C.Code Ann. § 56-5-2950(d) (Supp. 1997). Thereafter, the person whose license has been suspended may request an administrative hearing pursuant to S.C.Code Ann. § 56-5-2950(e) (1991), which states as follows in regard to the scope of the administrative hearing:

[T]he scope of the hearing ... must be limited to the issues of **whether the person was placed under arrest, whether the person had been informed that he did not have to take the test but that his privilege to drive would be suspended or denied if he refused to submit to the test, and whether he refused to submit to the test upon request of the officer.** (emphasis added).

At the administrative hearing, the hearing officer properly limited the scope of the hearing to the three issues enumerated in the statute. First, the hearing officer correctly determined Summersell was "lawfully arrested" for driving under the influence. An officer can lawfully arrest for a misdemeanor not committed within his presence when the facts and circumstances observed by the officer give him probable cause to believe a crime has been freshly committed. In *Fradella v. Town of Mount Pleasant*, 325 S.C. 469, 482 S.E.2d 53 (Ct.App.1997), this Court explained:

South Carolina Code Ann. § 17-13-30 (1985), states that sheriffs and deputy sheriffs "may arrest without warrant any and all persons who, within [the officers'] view, violate any of the criminal laws ... if such arrest be made at the time of such violation of law or immediately thereafter." However, in *State v. Martin*, 275 S.C. 141, 268 S.E.2d 105 (1980), the court noted that the rule in § 17-13-30 must be interpreted in light of S.C.Code Ann. § 23-13-60 (1989),

which provides that such officers "may for any suspected freshly committed crime, whether upon view or upon prompt information or complaint, arrest without warrant...." Thus, *Martin* holds "an officer can arrest for a misdemeanor [not committed within his presence] when the facts and circumstances *observed by the officer* give him probable cause to believe that a crime has been freshly committed."

*Fradella,* 325 S.C. at 474–75, 482 S.E.2d at 56 (emphasis in original). We find under the facts and circumstances of this case that Avenel had probable cause to arrest Summersell for driving under the influence. The hearing officer properly ruled Avenel's arrest of Summersell for driving under the influence was lawful.

■ Second, the evidence revealed Officer Catlett advised Summersell of his right to refuse the breathalyzer test and that his driving privileges would be suspended upon refusal to submit to the test. Summersell refused to consent to the breathalyzer test when Officer Catlett offered it to him. Therefore, the hearing officer appropriately limited the scope of the hearing to the three issues specified in the statute and properly sustained the Department's decision to suspend Summersell's driving privileges.

■ Summersell's assertion the Department was required to prove that Summersell was guilty of driving under the influence is without merit and misinterprets the purpose and scope of the administrative hearing. It is not necessary for jurisdictional purposes to prove the individual was operating a motor vehicle in this state. Jurisdiction is based upon S.C.Code Ann. § 56-5-2950(a), (e). Nothing in the statutory provisions requires a specific finding the individual was operating a motor vehicle in this state. Once the Department has made a showing as to the three elements, jurisdiction has been established. We reject the notion the hearing encapsulates a requirement to specifically prove "driving" in order to establish jurisdiction. The statutory purpose would be impinged and diluted by adding a "driving" requirement in this administrative hearing.

Moreover, the question before the hearing officer was not whether the state had proved its case, but whether the

arresting officer had probable cause to believe Summersell had committed the offense of driving under the influence. This is *not* a trial in regard to the guilt or innocence of the defendant on a DUI charge. Rather, the gravamen of the administrative hearing is a determination of the efficacy and applicability of the implied consent law. The query posited to the administrative hearing officer is: did the person violate the implied consent law. Importantly, even assuming Summersell's position to be correct, which it is not, there was evidence of his driving emanating from his passenger. Certainly, this evidence was quintessential hearsay, but it was admissible under the rubric of "probable cause."

### CONCLUSION

We hold the hearing officer properly conducted the administrative hearing pursuant to the requirements of § 56–5–2950(e). Her limitation of the evidentiary presentation to the three specific statutory elements was in compliance with the purpose of the administrative hearing. The Department presented substantial evidence that Summersell was (1) placed under arrest; (2) informed he did not have to take the test, but that upon refusal his driving privileges would be suspended; and (3) he refused to take the test upon request by the officer. Accordingly, the order of the circuit court is

**AFFIRMED.**

HOWELL, C.J., and STILWELL, J., concur.