522 S.E.2d 144

**John Patrick SUMMERSELL, Petitioner,**

v.

**SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, Respondent.**

No. 25004.

Supreme Court of South Carolina.

Submitted Oct. 5, 1999.

Decided Oct. 11, 1999.

L. Scott Harvin, of Hetrick Law Firm, of Walterboro, for petitioner.

General Counsel of the South Carolina Department of Public Safety Frank L. Valenta, Jr., and Senior Assistant General Counsel of the South Carolina Department of Public Safety Patrick M. Teague, both of Columbia, for respondent.

PER CURIAM:

This matter is before the Court on a petition for a writ of certiorari seeking review the Court of Appeals' opinion in *Summersell v. South Carolina Department of Public Safety*, 334 S.C. 357, 513 S.E.2d 619 (Ct.App.1999), which affirmed the administrative hearing officer's and circuit court's suspension of petitioner's driver's license for failure to submit to a breathalyzer test. We grant certiorari, in part, to review that portion of the Court of Appeals' decision addressing the admissibility of hearsay testimony in an administrative proceeding, and dispense with further briefing. In all other respects, the petition for a writ of certiorari is denied.

## FACTS

On December 13, 1996, petitioner was arrested for driving while intoxicated (DUI) by Officer Sheri Avenel. He was transported to the Mt. Pleasant police station where he refused to take a breathalyzer test. Petitioner was informed that his driver's license would be suspended pursuant to the

informed consent statute if he did not take the test. Petitioner again refused.

Officer Avenel submitted a "Report of Refusal to Submit to Breath–Alcohol Test" to the Department, which in turn suspended petitioner's driver's license for ninety days pursuant to the informed consent statute. Petitioner appealed, and a hearing was convened. At the hearing, Officer Avenel testified that she responded to a telephone call regarding a disabled car. She arrived at the Angler's Mini–Mart and spoke with Mr. Fort, a passenger in the car, who told her that petitioner had driven the car off Long Point Road into a ditch. When Officer Avenel arrived at the scene, petitioner was passed out behind the wheel of the car. When Officer Avenel was able to waken petitioner, he was unable to exit the car without assistance, he was unable to walk without assistance, he was unresponsive to questioning, and he smelled of alcohol.

## *ISSUE*

Did the Court of Appeals err in addressing whether Officer Avenel's hearsay testimony was properly admitted under the Rules of Evidence?

## *DISCUSSION*

At the administrative hearing, counsel for petitioner objected to the Officer Avenel's hearsay testimony regarding what Mr. Fort told her. The hearing officer overruled the objection. In her order, the hearing officer summarized the testimony and argument of counsel, noted that petitioner had objected to Officer Avenel's hearsay testimony, and overruled the objection.

On appeal to the circuit court, petitioner argued in his brief that the hearing officer erred in allowing into evidence Officer Avenel's hearsay testimony. In part, petitioner argued that the Rules of Evidence did not permit hearsay testimony under the circumstances of this case. Petitioner argued that the South Carolina Rules of Evidence, as applied in civil cases, govern administrative hearings pursuant to S.C.Code Ann. § 1–23–330 (Supp.1998). Specifically, petitioner argued that Rule 802, SCRE, does not permit hearsay testimony unless there is an applicable exception. The applicable exceptions,

listed in Rule 1101(d)(3), SCRE, only allow the introduction of hearsay testimony in proceedings for extradition; preliminary hearings in criminal cases; sentencing and dispositional hearings in juvenile delinquency matters, or granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise.

In its judgment, the circuit court affirmed the order of the hearing officer. However, the trial court never specifically addressed petitioner's argument regarding the admissibility of Officer Avenel's hearsay testimony under the Rules of Evidence. Petitioner made no Rule 59, SCRCP, motion.

Despite petitioner's failure to obtain a specific ruling from the circuit court on the admissibility of Officer Avenel's hearsay testimony under the Rules of Evidence, the Court of Appeals addressed the issue but in a very abbreviated fashion. The Court of Appeals held that hearsay evidence was admissible during a criminal preliminary hearing to determine the issue of probable cause to arrest. Because Avenel's testimony related to probable cause to arrest for DUI, the Court of Appeals concluded the hearsay testimony was properly admitted into evidence. *Summersell, supra.*

█ We find that the issue of the admissibility of Officer Avenel's hearsay testimony under the Rules of Evidence is not preserved for review. The circuit court did not specifically address the issue, and where an issue presented to the circuit court in a civil case is not explicitly ruled upon in the final order, the issue must be raised by an appropriate post-trial motion to be preserved for appellate review. *Summer v. Carpenter,* 328 S.C. 36, 492 S.E.2d 55 (1997). If the issue is not raised in a post-trial motion, it is error for the appellate court to consider it. *Id; White v. Wilkerson,* 328 S.C. 179, 493 S.E.2d 345 (1997).

Accordingly, the Court of Appeals erred in addressing the admissibility of Officer Avenel's hearsay testimony, and that portion of the Court of Appeal's judgment is vacated.

WALLER, J., not participating.