THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
T. D. Williams, IV, Respondent,
v.
South Carolina Department of Motor Vehicles, Appellant.
 
 
 

Appeal From Sumter County
 Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2005-UP-596
Submitted November 1, 2005  Filed November 22, 2005

REVERSED

 
 
 
Frank L. Valenta, Jr., of Blythewood, for Appellant. 
William E. Durant, Jr., of Sumter, for Respondent.
 
 
 

PER CURIAM:  T. D. Williams, IV was arrested for driving under the influence.  Williams failed to consent to a breath test offered by the arresting law enforcement officer.  As a result, the South Carolina Department of Motor Vehicles (the Department) suspended Williams drivers license.  Williams challenged the suspension.  An administrative hearing was held, and the hearing officer affirmed the suspension.  The circuit court reversed. The Department appeals the circuit courts decision.  We reverse.[1]
FACTS
On June 14, 2003, South Carolina Highway Patrol Trooper S. S. McKenzie arrested Williams in Sumter County for driving under the influence.  Trooper McKenzie transported Williams to a breath test location for a breath test pursuant to S.C. Code Ann. Section 56-5-2950 (Supp. 2004).  At the breath test facility, he advised Williams of his implied consent rights, orally and in writing, pursuant to S.C. Code Ann. Section 56-5-2951 (Supp. 2004).  Upon reading the implied consent rights from the prescribed form, Trooper McKenzie requested that Williams sign a document acknowledging that he received a copy of the advisement form.  Williams declined to sign the document.  
Trooper McKenzie prepared the breath test machine according to State Law Enforcement Division (SLED) procedures and waited the standard twenty minutes.  During that time, Williams asked numerous questions of Trooper McKenzie, but Trooper McKenzie limited his responses to the information in the SLED advisement form.  
When the twenty-minute observation period elapsed and the breath test machine indicated it was time to take the test, Trooper McKenzie requested that Williams take the test.  Williams declined the breath test on the basis that his questions had not been answered to his satisfaction.  Based on Williams refusal, Trooper McKenzie issued Williams a Notice of Suspension.  
The Department suspended Williams drivers license for ninety days, as required by S.C. Code Ann. Section 56-5-2951 (Supp. 2004).  Williams requested an administrative hearing to challenge his suspension.  The Department held a hearing on August 20, 2003.  
At the administrative hearing, Trooper McKenzie maintained that Williams refused to submit to the breath test.  
Williams testified that when Trooper McKenzie indicated the breathalyzer machine was ready to receive a sample, he responded that he was not fully advised of his rights.  When questioned further about his decision to refuse the breath test, Williams stated, I elected to continue trying to fully understand my rights.  Williams explained, I just simply  my questions werent being answered.     
The hearing officer sustained the suspension.  In his report, the hearing officer made the following findings of fact:

6. The officer began the 20 minute observation period.  When the 20 minutes expired, he asked Mr. Williams if he wanted to submit to a breath test and he responded No.
7.  The officer concluded that Mr. Williams refused to submit to a breath test.

Williams appealed to the circuit court, arguing he never refused to submit to the breath test, and the hearing officer made findings of fact without factual support.  The circuit court judge initially upheld the suspension and held there was substantial evidence in the record that would permit reasonable minds to conclude Williams refused to submit to a breath test.  However, he later reversed the hearing officers decision pursuant to a Rule 59(e), SCRCP, motion for reconsideration.  In his reversing order, the judge found the hearing officer based his decision to uphold Williams suspension on the erroneous finding that the breath test was expressly refused.  
STANDARD OF REVIEW
The South Carolina Administrative Procedures Act, S.C. Code Ann. Sections 1-23-310 to 400 (2005), establishes the substantial evidence rule as the standard for judicial review of a decision of an administrative agency.  S.C. Dept of Motor Vehicles v. Nelson, 364 S.C. 514, 518, 613 S.E.2d 544, 546 (Ct. App. 2005) (quoting Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304, 306-07 (1981)).  The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence.  Kearse v. State Health & Human Servs. Fin. Commn, 318 S.C. 198, 200, 456 S.E.2d 892, 893 (1995).  A court may not substitute its judgment for that of an agency as to the weight of the evidence on questions of fact unless the agencys findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.  Summersell v. South Carolina Dept of Public Safety, 334 S.C. 357, 363, 513 S.E.2d 619, 622 (Ct. App. 1999), vacated in part on other grounds, 337 S.C. 19, 522 S.E.2d 144 (1999).  Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action.  Miller v. State Roofing Co., 312 S.C. 452, 454, 441 S.E.2d 323, 324-25 (1994).  
LAW/ANALYSIS
The Department argues that the circuit court judge erred in reversing Williams suspension.  We agree.
The circuit court judge concluded the hearing officer based his order upholding the suspension on the erroneous finding that the breath test was expressly refused.  Citing to Lloyd v. SCDHEC, 328 S.C. 419, 491 S.E.2d 592 (Ct. App. 1997), vacated, 332 S.C. 421, 504 S.E.2d 605 (Ct. App. 1998), for the proposition that the hearing officers findings did not rationally support the conclusions reached, the judge reversed the hearing officers decision.  
We believe the circuit court judge misapplied the applicable standard of review when he failed to consider the record as a whole.[2]  An appeal from action of an administrative agency must be sustained if supported by substantial evidence on the whole record.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981).   
It is undisputed that Williams did not expressly refuse the breath test by stating no; however, S.C. Code Ann. Section 56-5-2951 (Supp. 2004) does not require an express refusal.[3]  The record is replete with evidence showing Williams refused the breath test.  The arresting officer testified numerous times that Williams elected not to provide a breath sample and that Williams never made an attempt to take the test.  Williams acknowledged he was offered the breath test but declined to take it because he felt he was not fully advised of his rights.  Moreover, Williams never argued at the administrative hearing that he did not refuse the test; Williams acknowledged his refusal but claimed his refusal was somehow justified because his questions were not answered to his satisfaction and he did not fully understand his rights.  During his opening remarks at the administrative hearing, Williams attorney stated:

[W]e believe that  that the evidence will show that  that during the advisement of rights there was some indication or comments that were inconsistent with the form and it led to some confusion and therefore there was  no test was taken.  Thats not the issue.  The issue is in our minds was the  were the  were the advisement of rights properly given and its our position that it wasnt a refusal based on an understanding of the rights and an exercise of that right to refuse because of some inconsistencies in  in what happened that day.

The hearing officers erroneous finding that Williams said no does not alter the inescapable fact that the record as a whole compellingly establishes Williams refusal.  Accordingly, we reverse the order of the circuit court and reinstate the suspension.
CONCLUSION
The order of the circuit court is hereby
REVERSED. 
STILWELL, KITTREDGE and WILLIAMS, JJ., concur. 

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]        In his order, the circuit court judge states that he considered the substantial evidence on the record as a whole; however, he reversed based on the single factual finding that Williams did not expressly refuse the breath test.  
[3]        South Carolina Code Ann. Section 56-5-2951 (Supp. 2004) provides, in pertinent part, as follows:
The Department of Motor Vehicles must suspend the drivers license, permit, or nonresident operating privilege of or deny the issuance of a license or permit to a person who drives a motor vehicle and refuses to submit to a test provided for in Section 56-5-2950 . . . .