THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 R.J. Casale, Respondent,
 
 
 

v.

 
 
 
 Stivers Chrysler-Jeep, Inc., Stivers Automotive of Lexington, Inc., John Stivers, and Tommy M. Storey, Appellants.
 
 
 

Appeal From Richland County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2006-UP-074
Submitted February 1, 2006  Filed February 9, 2006

AFFIRMED

 
 
 
 Joseph Gregory Studemeyer, of Columbia; for Appellants.
 Robert T. Strickland, of Columbia; for Respondent.
 
 
 

PER CURIAM:  Stivers Chrysler-Jeep, Inc., Stivers Automotive of Lexington, Inc., John Stivers, and Tommy M. Storey (collectively Stivers) appeal from an order of the circuit court denying their motion to compel arbitration for the time being and allowing the parties to conduct discovery on issues related solely to the agreement to arbitrate.  We affirm.
FACTS
R.J. Casale, who resides in California, purchased a 1994 Jaguar XJS from Stivers, a car dealership in South Carolina.  Because Casale lived so far away from the dealership, the transaction occurred via facsimile.  After the purchase, Casale filed an action against Stivers asserting nine causes of action, all of which essentially arise from Casales claim that Stivers had misrepresented the condition of the car.  
Stivers moved to stay the action and to compel arbitration.  Attached to the motion to compel were an affidavit from Tommy Storey, who is the salesman who completed the sale, and a copy of the Motor Vehicle Purchase Agreement, the second page of which contained an arbitration agreement.[1]  Storey stated that he faxed the purchase agreement to Casale and received the agreement back via fax with Casales signature on it.  In response to Stivers motion to compel, Casale submitted an affidavit in which he claims to have only received the first page of the agreement.
The circuit court issued a Form 4 Order with the following ruling: Motion to compel arbitration is denied at this point in time with parties free to conduct discovery on issues related solely to agreement of acceptance to arbitrate.  This appeal followed.
LAW/ANALYSIS
Stivers argues the circuit court erred in denying its motion to stay and to compel arbitration because the arbitration agreement is binding against Casale.  We disagree.
Initially, Casale argues this issue is not immediately appealable.  However, section 15-48-200 of the South Carolina Code permits the immediate appeal from an order denying an application to compel arbitration.  Furthermore, in Towles v. United Healthcare Corp., 338 S.C. 29, 35, 524 S.E.2d 839, 842-43 (Ct. App. 1999), our court considered the appealability of a circuit court order which stated: [D]efendants motion to compel arbitration is denied, at this time, with leave to refile it at the completion of discovery in this action.  Our court concluded such an order was immediately appealable.  Likewise, we find the order in this case, which denies Stivers motion until further discovery can be conducted, is subject to immediate review.
However, even though this order is immediately appealable, we find that Stivers particular argument  that the arbitration agreement is binding against Casale  is not preserved for our review.  In the Form 4 order denying Stivers motion to compel, the circuit court did not make a ruling on whether Casale would be bound to arbitrate his causes of action against Stivers.  Rather, the court permitted the parties to conduct further discovery on the limited issue of whether Casale accepted the arbitration agreement.  After receiving this order, Stivers did not make a Rule 59(e) motion requesting the circuit court make a ruling on whether the arbitration agreement was binding on Casale.  Thus, this issue is not preserved for review.  Summersell v. S.C. Dept of Pub. Safety, 337 S.C. 19, 22, 522 S.E.2d 144, 145-46 (1999) ([W]here an issue presented to the circuit court in a civil case is not explicitly ruled upon in the final order, the issue must be raised by an appropriate post-trial motion to be preserved for appellate review.). 
AFFIRMED.
HEARN, C.J., ANDERSON and KITTREDGE, JJ. concur.

[1] The actual agreement is only one page with two sides.  However, if both sides were faxed, the document would have been two pages long.