673 S.E.2d 428

**The STATE, Appellant,**

v.

**Jimmy RAMSEY, Respondent.**

**No. 26595.**

Supreme Court of South Carolina.

Heard Oct. 8, 2008.

Decided Feb. 9, 2009.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, for Appellant.

Christopher A. Wellborn, of Rock Hill, for Respondent.

not binding the coverage could have simply lied to cover up his/her own fraudulent activity.

Chief Justice TOAL.

In this case, the magistrate held a probable cause hearing on Respondent Jimmy Ramsey's criminal domestic violence (CDV) charge and dismissed it for lack of probable cause. The circuit court affirmed the magistrate's finding. On appeal, the State claims the magistrate erred in holding a probable cause hearing and dismissing Respondent's CDV charge.

### FACTUAL/PROCEDURAL BACKGROUND

On February 18, 2006, Respondent was arrested on a warrant for burglary first degree and was issued a uniform traffic ticket for CDV first offense. On May 16, 2006, the circuit court held a preliminary hearing on the burglary charge. The circuit court dismissed the burglary charge for lack of probable cause and remanded the CDV charge to the magistrate. Respondent filed with the magistrate a motion to dismiss the CDV charge for lack of probable cause. On August 14, 2006, the magistrate held a hearing to determine probable cause and granted Respondent's motion to dismiss. The State appealed to the circuit court. The circuit court affirmed the magistrate's order of dismissal and the State appealed. We certified this case pursuant to Rule 204(b), SCACR.

### ISSUE

Did the magistrate have jurisdiction to hold a probable cause hearing on Respondent's charge for criminal domestic violence?

### LAW/ANALYSIS

In general, magistrates have criminal jurisdiction "of all offenses which may be subject to the penalties of either fine or forfeiture not exceeding five hundred dollars or imprisonment in the jail or workhouse not exceeding thirty days." S.C.Code Ann. § 22–3–550 (2007). For crimes outside magistrates' jurisdiction, magistrates are authorized to conduct a preliminary examination. *See* Rule 2, SCRCrimP ("Any defendant charged with a crime not triable by a magistrate shall be brought before a magistrate and shall be given notice of his right to a preliminary hearing."). The purpose of a preliminary examination is to determine whether probable cause

exists to believe that the defendant committed the crime and to warrant the defendant's subsequent trial. 12 S.C. JURISPRUDENCE *Magistrates and Municipal Judges* § 31. Nevertheless, for those matters within magistrates' jurisdiction, preliminary determinations of probable cause are not authorized by statute. Indeed, South Carolina law requires that all magistrate proceedings "shall be summary or with only such delay as a fair and just examination of the case requires." S.C.Code Ann. § 22–3–730 (2007).

In the present case, Respondent was charged with criminal domestic violence, first offense, pursuant to Section 16–25–20 of the South Carolina Code, which provides that the offense "must be tried in summary court." S.C.Code Ann. § 16–25–20 (2007). Prior to ruling on the merits, the magistrate found that Section 22–5–710 of the South Carolina Code gave him the authority to hold preliminary examinations in criminal cases. *See* S.C.Code Ann. § 22–5–710 (2008). We disagree, and hold that the magistrate did not have the authority to hold a preliminary hearing in this matter.

Section 22–5–710, relied upon by the magistrate, grants "magistrates in counties where a county court has been established" the authority to conduct a preliminary hearing "as is provided by law in criminal cases beyond the jurisdiction of magistrates." *Id.* This section is inapplicable because South Carolina no longer uses a county court system. However, even if we were to assume that the magistrate intended to rely upon the authority granted him by Section 22–5–320, which empowers magistrates to conduct preliminary hearings upon the motion of the defendant on matters beyond their jurisdiction, we must find that the magistrate exceeded his authority. *See* S.C.Code Ann. § 22–5–320 (2008). The CDV charge was within the magistrate's jurisdiction, and we find there is no authority for the proposition that magistrates are authorized to conduct preliminary hearings on matters within their own trial jurisdiction. To hold otherwise would undermine the summary nature of magistrate proceedings and unduly expand magistrate dockets.

Accordingly, we hold that the magistrate judge should have declined Respondent's request for a probable cause hearing and instead brought the charge to trial for summary disposi-

tion. The trial court therefore erred in considering the merits of the probable cause inquiry and affirming the magistrate.

## CONCLUSION

For the foregoing reasons, we hereby reverse and remand this case to the magistrate for summary disposition.

WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.