705 S.E.2d 425

**SOUTH CAROLINA DEPARTMENT OF MOTOR VEHICLES, Respondent,**

v.

**Larry McCARSON, Appellant.**

**No. 26916.**

Supreme Court of South Carolina.

Heard Oct. 7, 2010.

Decided Jan. 24, 2011.

Rehearing Denied March 2, 2011.

Carson McCurry Henderson, of Greenwood, Heath Preston Taylor, of West Columbia, for Appellant.

Deputy General Counsel Philip S. Porter, General Counsel Frank L. Valenta, Jr., Assistant General Counsel Linda A. Grice, of Blythewood, for Respondent.

Justice BEATTY.

Larry McCarson appeals the order of the Administrative Law Court (ALC) that resulted in the suspension of his driver's license following an arrest for driving under the

influence (DUI).[1] In his appeal, McCarson claims the ALC erred in reversing the decision of the Hearing Officer for the Division of Motor Vehicles Hearings (DMVH) that rescinded the initial license suspension. Specifically, McCarson contends his license should not have been suspended as there was no admissible evidence to establish probable cause for his DUI arrest. We agree and reverse the decision of the ALC.

## I. Factual/Procedural History

At approximately 2:00 a.m. on January 1, 2006, First Sergeant Kimbrell was on routine patrol near the junction of US 221 and I-385 in Laurens County. While on patrol, Kimbrell observed McCarson drive his vehicle over a curb, fail to yield the right of way, make an improper turn, and make a wide turn on an entrance ramp of I-385 near a divider wall. Because his patrol vehicle was not equipped with a video camera, Kimbrell requested assistance after pulling McCarson over for the driving violations.

Shortly thereafter, Trooper Michael Jones arrived at the location where McCarson was being detained by his supervisor, Sergeant Kimbrell. Upon his arrival, Kimbrell advised Jones of the reason for the traffic stop. Jones then requested that McCarson step to the rear of the vehicle. After reading McCarson his *Miranda*[2] rights, Jones ordered McCarson to perform several field sobriety tests. According to Jones, McCarson performed "poorly" on the Horizontal Gaze Nystagmus (HGN) test and the "one-leg stand" test. As a result, Jones arrested McCarson for DUI and transported him to the Laurens County Law Enforcement Center.

After being read the Advisement of Implied Consent rights [3] and his *Miranda* rights, McCarson agreed to submit to a

---

1. S.C.Code Ann. § 56-5-2930 (2006 & Supp.2009) (outlining offense of operating a motor vehicle while under the influence of alcohol or drugs).

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. *See* S.C.Code Ann. § 56-5-2950(A) (2006) ("A person who drives a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs or the combination of alcohol

DataMaster breathalyzer test. The test results revealed that McCarson had a blood alcohol level of 0.17 percent. Because McCarson's blood alcohol level was greater than 0.15 percent, Jones issued McCarson a Notice of Suspension pursuant to section 56–5–2951(A) of the South Carolina Code.[4]

Within the statutorily-prescribed time period,[5] McCarson filed a request for an administrative hearing before the DMVH to challenge the license suspension.

On March 1, 2006, Hearing Officer Tracy Holland held a hearing on McCarson's license suspension.[6] Trooper Jones, but not Sergeant Kimbrell, appeared on behalf of the Department of Motor Vehicles (the "Department"). At the hearing, Jones offered an Incident Report to supplement his own

and drugs if arrested for an offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of alcohol, drugs, or a combination of alcohol and drugs.").

4. *See* S.C.Code Ann. § 56–5–2951(A) (2006) ("The Department of Motor Vehicles must suspend the driver's license ... of a person who has an alcohol concentration of fifteen one-hundredths of one percent or more.").

5. *See* S.C.Code Ann. § 56–5–2951(B)(2) (2006) ("Within thirty days of the issuance of the notice of suspension, the person may request an administrative hearing.").

6. Section 56–5–2951 provides that the scope of the administrative hearing must be limited to whether the person:
(1) **was lawfully arrested or detained;**
(2) was advised in writing of the rights enumerated in Section 56–5–2950;
(3) refused to submit to a test pursuant to Section 56–5–2950; or
(4) consented to taking a test pursuant to Section 56–5–2950, and the:
(a) **reported alcohol concentration at the time of testing was fifteen one-hundredths of one percent or more;**
(b) individual who administered the test or took samples was qualified pursuant to Section 56–5–2950;
(c) tests administered and samples obtained were conducted pursuant to Section 56–5–2950; and
(d) the machine was working properly.
S.C.Code Ann. § 56–5–2951(F) (2006) (emphasis added). We note that this code section was amended in 2006 and rewritten in 2008. Because there were no substantive amendments that would affect the outcome of this case, we have cited to the 2006 code section given McCarson was arrested on January 1, 2006, prior to the subsequent amendments.

testimony. The Incident Report detailed Kimbrell's observations of McCarson's erratic driving prior to Jones's arrival at the scene. Jones also sought to introduce the following documents: his DataMaster certification, the implied consent advisement form, the notice of suspension, and the traffic ticket.

McCarson's counsel objected to the admission of the Incident Report on the ground it constituted inadmissible hearsay. In conjunction, counsel sought to exclude the other documents on the basis that "there is no foundation and in trying to lay the foundation, there's hearsay, without the other officer here." Holland agreed and, as a result, excluded the proffered evidence. In turn, Holland ruled:

> I find that the testimony of Trooper Jones failed to prove that [McCarson] was lawfully arrested for driving under the influence. Trooper Jones failed to present any testimony or other evidence which led him to believe that [McCarson] was operating a motor vehicle while under the influence of alcohol or drugs ... There was no testimony about the reason for the stop, no testimony about attributes or behavior which typically lead an officer to believe someone is under the influence, and no testimony about [McCarson's] performance on the field sobriety tests. The only testimony given was that the field sobriety tests indicated he was under the influence.

Ultimately, Holland concluded that the Department failed to meet its burden of proof. Consequently, by order dated March 30, 2007, Holland rescinded McCarson's license suspension and ordered the Department to restore McCarson's driving privileges.

The Department appealed Holland's order to the ALC. In challenging the order, the Department primarily asserted Holland erred in excluding the documentary evidence that served as the basis for establishing probable cause for McCarson's arrest.

Based on the parties' briefs, the Honorable John McLeod considered the central question of whether Sergeant Kimbrell's statements should have been admitted pursuant to an exception to the rule against hearsay. Finding no enumerated

hearsay exception,[7] Judge McLeod relied on the decision of the Court of Appeals in *Summersell v. South Carolina Department of Public Safety*, 334 S.C. 357, 513 S.E.2d 619 (Ct.App.1999), *vacated in part by* 337 S.C. 19, 522 S.E.2d 144 (1999).

In *Summersell*, an officer responded to the call of a citizen who had witnessed Summersell drive an automobile into a ditch. When the officer arrived at the scene, she observed Summersell "passed out" in the driver's seat of the automobile with the keys in the ignition. The citizen assisted Summersell in exiting the vehicle because Summersell could not do so on his own. *Id.* at 361, 513 S.E.2d at 621. According to the officer, Summersell smelled strongly of alcohol, was unsteady on his feet, and had extremely red eyes. *Id.* at 362, 513 S.E.2d at 622. Although the officer did not witness Summersell driving the automobile, her investigation of the scene revealed the tire tracks near the automobile were "fresh" and the incident occurred "sometime that evening." *Id.*

As a result, the officer arrested Summersell for DUI. After refusing to submit to a breathalyzer test, the Department suspended Summersell's driving privileges. The circuit court upheld the Hearing Officer's decision to sustain the suspension of Summersell's driver's license. *Id.* at 362, 513 S.E.2d at 622.

On appeal to the Court of Appeals, Summersell raised several issues including whether the Hearing Officer erred in allowing the Department to elicit hearsay testimony during the administrative hearing. Because the citizen-witness did not testify at the hearing, Summersell claimed the officer could not testify as to the citizen's observations of Summersell driving the automobile into the ditch. *Id.* at 364, 513 S.E.2d at 623. Summersell's hearsay objection was overruled by the Hearing Officer. *Id.*

The Court of Appeals affirmed the decision of the circuit court, finding the officer's hearsay testimony was admissible as it was related to probable cause for the arrest of Summersell. *Id.* at 366, 513 S.E.2d at 624. The court stated:

---

7. *See* Rule 801(c), SCRE (" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 803, SCRE (enumerating exceptions to the rule against hearsay).

Although it is generally correct to state the purpose of a preliminary hearing is to "apprise the defendant of the nature of the State's evidence," its purpose is more specifically ". . . to establish that probable cause exists to continue the criminal process. The State has the burden of proving probable cause, but is not required to call all of its potential witnesses." To this end, we have previously held that hearsay testimony as to the nature of the State's evidence is permissible.

*Id.* at 365, 513 S.E.2d at 624 (quoting *State v. Dingle*, 279 S.C. 278, 283–84, 306 S.E.2d 223, 226 (1983)).

Relying on *Summersell*, Judge McLeod concluded that "South Carolina courts have promulgated a common law exception to hearsay, *to wit*, that hearsay testimony is admissible to establish probable cause to arrest." Thus, Judge McLeod concluded that the Incident Report as well as the other proffered evidence should have been admitted to establish probable cause for McCarson's arrest. Accordingly, Judge McLeod reversed Hearing Officer Holland's order and remanded for a new hearing on the merits as the record on appeal was "woefully inadequate."

On remand, Hearing Officer Holland conducted a hearing on March 12, 2008. Trooper Jones appeared on behalf of the Department. At the onset of Jones's testimony, McCarson's counsel posited his hearsay objection to Jones testifying as to Sergeant Kimbrell's observations of McCarson's erratic driving. In support of this objection, counsel challenged Judge McLeod's reliance on *Summersell* given the subsequent history.[8] Because Kimbrell's observations, which were conveyed to Jones and included in the Incident Report, constituted inadmissible hearsay, counsel claimed this evidence and the resultant documentary evidence should be suppressed.

By order dated April 7, 2008, Hearing Officer Holland specifically rejected Judge McLeod's ruling and declined to consider the Department's hearsay testimony regarding prob-

---

8. This Court vacated the decision of the Court of Appeals regarding the admissibility of the hearsay testimony on the ground the issue had not been properly preserved for appellate review as the trial court had not specifically ruled on the issue. *Summersell*, 337 S.C. at 21–22, 522 S.E.2d at 145–46.

able cause for McCarson's arrest. In rejecting Judge McLeod's reasoning, Holland not only discounted the ruling in *Summersell* but declared it as without precedential value. Without the proffered evidence, Holland found that Trooper Jones failed to prove McCarson was lawfully arrested for DUI. Specifically, Holland found there was no evidence of probable cause for the initial stop as Jones failed to present testimony that McCarson was operating a motor vehicle while under the influence of alcohol. Consequently, Holland ordered the Department to restore Respondent's driver's license.

Subsequently, the Department appealed the order to the ALC. By order dated June 29, 2009, the Honorable Carolyn Matthews reversed the Hearing Officer's order and reinstated McCarson's license suspension.

Judge Matthews essentially adopted Judge McLeod's analysis and found the proffered evidence was admissible pursuant to *Summersell.* Based on this ruling, Judge Matthews concluded "the only reasonable inference to be drawn from the Incident Report is that [Trooper Jones] had probable cause to arrest [McCarson] for driving under the influence." She explained, "The report established prima facie evidence that [McCarson] was driving erratically (driving over a curb, failed to yield right of way in front of the officer, and improper left) thereby justifying the stop."

Following the denial of his motion for reconsideration, McCarson appealed the ALC's order to the Court of Appeals. This Court certified this appeal pursuant to Rule 204(b), SCACR.

## II. Discussion

### A.

McCarson contends the primary question before this Court is "whether or not hearsay evidence, in the form of an incident report containing evidence that the testifying witness [cannot] independently testify to, can be admitted to establish probable cause in the context of an administrative hearing conducted pursuant to S.C.Code Ann. § 56–5–2951(F)(1) (2006)."

In answering this question, McCarson claims the ALC's decision to admit the challenged evidence was erroneous for

the following reasons: (1) *Summersell* should not have served as the basis for the ALC's decision as it was vacated by this Court; (2) the Rules of Evidence, which are applicable in administrative hearings, expressly exclude the hearsay testimony; and (3) our state common law, which permits hearsay evidence to establish probable cause in preliminary hearings for criminal cases, does not apply to administrative, license-suspension hearings.

As will be more thoroughly discussed, we agree with each of McCarson's contentions.

## B.

The DMVH is authorized to hear contested cases from the Department. S.C.Code Ann. § 1–23–660 (Supp.2009); *S.C. Dep't of Motor Vehicles v. Holtzclaw*, 382 S.C. 344, 347, 675 S.E.2d 756, 757–58 (Ct.App.2009), *cert. denied* (Mar. 9, 2010). Thus, the DMVH is an agency under the Administrative Procedures Act. *Holtzclaw*, 382 S.C. at 347, 675 S.E.2d at 758; S.C.Code Ann. § 1–23–310(2) (Supp.2009). Accordingly, appeals from Hearing Officers must be taken to the ALC. *Holtzclaw*, 382 S.C. at 347, 675 S.E.2d at 758; S.C.Code Ann. § 1–23–660 (Supp.2009). When reviewing a decision of the ALC, this Court's standard of review is governed by section 1–23–610 of the South Carolina Code. S.C.Code Ann. § 1–23–610 (Supp.2009). An appellate court "may reverse or modify the decision only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law." *Holtzclaw*, 382 S.C. at 347, 675 S.E.2d at 758 (citing section 1–23–610 of the South Carolina Code).

## C.

Before addressing the merits of McCarson's appeal, we must initially consider a threshold issue regarding the appealability of the ALC's order.

The Department asserts McCarson's failure to appeal Judge McLeod's "remand" order of January 15, 2008, precludes him from challenging the admission of the Incident Report on

hearsay grounds. Because McCarson had an opportunity to appeal Judge McLeod's order prior to the second hearing before Hearing Officer Holland, the Department claims Judge McLeod's "outcome determinative" ruling as to the admissibility of the Incident Report is the law of the case.

Although the Department correctly cites the principle that an unappealed ruling constitutes the law of the case,[9] we find Judge McLeod's order was interlocutory. Because Judge McLeod remanded the case to Hearing Officer Holland and ordered a new hearing to be conducted in accordance with his evidentiary ruling, this order was not a final decision on the merits. *See Foggie v. Gen. Elec. Co.*, 376 S.C. 384, 656 S.E.2d 395 (Ct.App.2008) (recognizing that an order of the circuit court remanding a case for additional proceedings before an administrative agency is not final and, thus, not directly appealable). Thus, we find McCarson's challenge is still viable for this Court's consideration.

### D.

■ Turning to the merits of McCarson's appeal, our analysis begins with a consideration of section 56–5–2951(F)(1). As we interpret McCarson's arguments, he only challenges this subsection with respect to his license suspension. Specifically, the determination of whether he was "lawfully arrested or detained" for DUI in order for the Department to suspend his driving privileges. S.C.Code Ann. § 56–5–2951(F)(1) (2006).

The key question for our determination is whether Sergeant Kimbrell's observations of McCarson's erratic driving were admissible through Jones's report and testimony in order to establish probable cause for McCarson's DUI arrest as required by section 56–5–2951(F)(1).

■ The dispositive question in determining the lawfulness of an arrest is whether there was "probable cause" to make the arrest. *Wortman v. City of Spartanburg*, 310 S.C. 1, 4, 425 S.E.2d 18, 20 (1992). "Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief

---

9. *See ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche*, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding an unappealed ruling, right or wrong, becomes the law of the case).

rests upon such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe likewise." Id.

"Probable cause for a warrantless arrest exists when the circumstances within the arresting officer's knowledge are sufficient to lead a reasonable person to believe that a crime had been committed by the person being arrested." *State v. Baccus*, 367 S.C. 41, 49, 625 S.E.2d 216, 220 (2006). "Whether probable cause exists depends upon the totality of the circumstances surrounding the information at the officer's disposal." Id. In determining whether probable cause exists, "all the evidence within the arresting officer's knowledge may be considered, including the details observed while responding to information received." *State v. Roper*, 274 S.C. 14, 17, 260 S.E.2d 705, 706 (1979).

We find Sergeant Kimbrell's observations as conveyed through Jones's testimony and Incident Report constituted quintessential hearsay.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), SCRE. "Hearsay is inadmissible except as provided by statute, the South Carolina Rules of Evidence, or other court rules." *State v. LaCoste*, 347 S.C. 153, 160, 553 S.E.2d 464, 468 (Ct.App.2001) (citing Rule 802, SCRE).

The rule against hearsay prohibits the admission of evidence of an out-of-court statement by someone other than the person testifying that is used to prove the truth of the matter asserted. *Watson v. State*, 370 S.C. 68, 71, 634 S.E.2d 642, 644 (2006). It is well settled that evidence is not hearsay unless offered to prove the truth of the matter asserted. *State v. Brown*, 317 S.C. 55, 63, 451 S.E.2d 888, 894 (1994).

Based on the well-established definition of hearsay, Sergeant Kimbrell's observations of McCarson's erratic driving constituted hearsay as it was testified to by Trooper Jones and was offered to establish probable cause for the DUI arrest.

Because the Rules of Evidence are clearly applicable to driver's license-suspension hearings,[10] the question becomes whether the challenged evidence is admissible pursuant to a hearsay exception.

Like the ALC, we do not believe there are any enumerated hearsay exceptions that would permit the admissibility of this evidence.[11] Accordingly, the only potential avenue for admissibility is through our state's jurisprudence regarding probable cause.

Given this Court expressly vacated the analysis of the Court of Appeals in *Summersell*, we find the ALC erred in relying on this case as it was no longer precedential. Furthermore, a review of this state's appellate decisions reveals that our courts have permitted hearsay evidence to establish probable cause in the limited context of a preliminary hearing. *See State v. Dingle*, 279 S.C. 278, 306 S.E.2d 223 (1983) (holding an officer may present hearsay testimony in a preliminary hearing to establish probable cause for arrest), *abrogated on other grounds by Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); *see also State v. Thompson*, 276 S.C. 616, 281 S.E.2d 216 (1981) (concluding the State, during a preliminary hearing, was permitted to offer hearsay testimony

10. *See* S.C.Code Ann. § 1–23–330(1) (2005) ("Except in proceedings before the Industrial Commission the rules of evidence as applied in civil cases in the court of common pleas shall be followed."); *cf.* Rule 1101(d)(3), SCRE (stating that the Rules of Evidence are inapplicable to "[p]roceedings for extradition; preliminary hearings in criminal cases; sentencing (except in the penalty phase of capital trials as required by statute), dispositional hearings in juvenile delinquency matters, or granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise").

11. The Department urges this Court to find the evidence is admissible as it constitutes either a record that is kept in the course of regularly conducted business activity or a public record. A cursory review of these hearsay exceptions would appear to support the Department's position. However, a closer reading of the above-referenced rules reveals that Sergeant Kimbrell's observations in the form of the Incident Report are specifically excluded. *See* Rule 803(6), SCRE (providing that business records are admissible but stating "that subjective opinions and judgments found in business records are not admissible"); Rule 803(8), SCRE (providing that certain public records are admissible but stating that "investigative notes involving opinions, judgments, or conclusions are not admissible").

to establish probable cause for arrest; recognizing that the State is not required to present all of its witnesses and evidence during a preliminary hearing); *State v. Jones,* 273 S.C. 723, 259 S.E.2d 120 (1979) (finding it was permissible for chief investigating officer to read into the record statements of other unavailable witnesses at a preliminary hearing given the direct testimony of the officer's investigation was offered as well as the hearsay testimony).

We find these cases are inapplicable to a driver's license suspension hearing. A preliminary hearing, as its name suggests, is not a final adjudication of a defendant's rights. Instead, a preliminary hearing merely serves as a determination of whether there is sufficient evidence to subject a defendant to further criminal proceedings. *See* Rule 2, SCRCrimP (providing for preliminary hearings and stating in part that "Any defendant charged with a crime not triable by a magistrate shall be brought before a magistrate and shall be given notice of his right to a preliminary hearing solely to determine whether sufficient evidence exists to warrant the defendant's detention and trial"); *State v. Ramsey,* 381 S.C. 375, 376, 673 S.E.2d 428, 428–29 (2009) ("The purpose of a preliminary examination is to determine whether probable cause exists to believe that the defendant committed the crime and to warrant the defendant's subsequent trial.").

In contrast, a license-suspension hearing may potentially terminate an important interest of the licensee. *See Bell v. Burson,* 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) ("Once licenses are issued, . . ., their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without the procedural due process required by the Fourteenth Amendment."); *Hipp v. S.C. Dep't of Motor Vehicles,* 381 S.C. 323, 325, 673 S.E.2d 416, 417 (2009) ("A person's interest in his driver's license is property that a state may not take away without satisfying the requirements of due process.").

Because a license-suspension hearing constitutes a final adjudication of an important interest, we believe the Legislature promulgated section 56–5–2951 in such a way that guards against an automatic or rote elimination of this interest.

Specifically, this section sets forth several statutory prerequisites that must be established before a Hearing Officer suspends a citizen's driver's license following an arrest for DUI. In the instant case, a determination of whether McCarson was lawfully arrested or detained for DUI. By including this element in section 56-5-2951, the Legislature placed the burden on the Department to present sufficient evidence of probable cause.

Given the significant difference between a preliminary hearing and a license-suspension hearing, we decline to extend the probable cause cases relied on by the Department to circumvent the well-established rules against hearsay. Thus, in proving that a driver was lawfully arrested or detained for DUI, the Department must present admissible evidence of probable cause. If we were to find otherwise, we would essentially render meaningless the procedure established by our Legislature in section 56-5-2951.

### III. Conclusion

Based on the foregoing, we hold the Department failed to present admissible evidence that McCarson was lawfully arrested or detained for DUI. Accordingly, we find the ALC erred in reversing the Hearing Officer's order reinstating McCarson's driver's license privileges.

**REVERSED.**

TOAL, C.J., PLEICONES and HEARN JJ., concur.

KITTREDGE, J., concurring in result only.