THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Appellant,
 
 
 

v.

 
 
 
 William Kirkland, Respondent.
 
 
 

Appeal From Richland County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No.  2012-UP-149
 Heard February 15, 2012  Filed March 7,
2012  

REVERSED AND REMANDED

 
 
 
 John Benjamin Aplin, of Columbia, for
 Appellant.
 Appellate Defender Elizabeth
 Franklin-Best, of Columbia, for Respondent.
 
 
 

PER CURIAM:  This appeal arises out of Respondent
 William Kirkland's conviction for criminal sexual conduct (CSC) with a minor, first
 degree, for which he received a sentence of twenty-five years suspended upon
 service of one year in prison and five years of probation.  Kirkland served 85%
 of his one-year sentence and was released to the community supervision program
 (CSP).  Kirkland subsequently violated CSP and the court sentenced him to one
 year in prison.  After serving one year, Kirkland was released and began a
 five-year probation term.  Kirkland violated probation and was sentenced to
 five years in prison.  Kirkland did not appeal from either the imposition or
 revocation of regular probation.  After serving 85% of that five-year sentence,
 he was again released to CSP.  Kirkland came before the court for a second
 violation of CSP, which is the subject of the present appeal.  The circuit
 court found Kirkland did not violate CSP, terminated CSP and/or probation, and
 ordered Kirkland to check himself into a drug rehab facility under penalty of
 contempt.  The State appeals, arguing the court abused its discretionin discharging Kirkland from his entire
 sentence and in failing to dismiss Kirkland's argument as barred by the
 doctrines of res judicata and collateral estoppel.  We reverse and remand to
 the circuit court with instructions to reinstate Kirkland to CSP.
1.  As to
 the State's argument that the circuit court erred in discharging Kirkland from
 his entire sentence, we find the circuit court erred as a matter of law in
 discharging Kirkland from his sentence, CSP, and residual probation because
 Kirkland had served less than seven years of a twenty-five year sentence.  See State v. McGrier, 378 S.C. 320, 331, 663 S.E.2d 15, 21 (2008) (finding
 "revocations for successive CSP violations should not extend or exceed the
 term of incarceration that was originally ordered for the underlying
 offense"); S.C. Code Ann. § 24-21-560(D) (2007)[1] ("The maximum aggregate amount
 of time the prisoner may be required to serve when sentenced for successive
 revocations may not exceed an amount of time equal to the length of
 incarceration imposed for the original 'no parole offense.'"); see also State v. Picklesimer, 388 S.C. 264, 271, 695 S.E.2d 845, 849 (2010)
 (Beatty, J., concurring) ("It is important to recognize that the sentence
 in McGrier was a no parole straight sentence of three years, not
 a split sentence.").  We also emphasize that reversal is appropriate
 because Kirkland did not appeal from the erroneous imposition of regular
 probation following Kirkland's service of a one-year term for his first
 violation of CSP.  See S.C. Dep't of Motor Vehicles v. McCarson,
 391 S.C. 136, 145 n.9, 705 S.E.2d 425, 429 n.9 (2011) (noting an unappealed
 ruling, right or wrong, is the law of the case).  
2.  As to
 the State's arguments regarding the doctrines of res judicata and collateral
 estoppel, we find these arguments unpreserved for appellate review.  See State v. Jennings, 394 S.C. 473, 481, 716 S.E.2d 91, 95 (2011)
 ("For an issue to be properly preserved, it has to be raised to and ruled
 on by the trial court.").
REVERSED AND
 REMANDED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur. 
[1] Section 24-21-560(D) was amended effective June 11,
 2010.  See Act No. 237, 2010 S.C. Acts __.  The amended version is not
 applicable to Kirkland's CSP imposed on July 1, 2008.