**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

H. H. VonHarten, Appellant,

v.

South Carolina Department of Motor Vehicles, Respondent.

Appellate Case No. 2015-001491

---

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

---

Unpublished Opinion No. 2017-UP-018
Submitted October 1, 2016 – Filed January 11, 2017

---

**AFFIRMED**

---

James H. Moss, of Moss Kuhn & Fleming, PA, of Beaufort, for Appellant.

Frank L. Valenta, Jr., Philip S. Porter, and Brandy Anne Duncan, all of the South Carolina Department of Motor Vehicles, of Blythewood, for Respondent.

---

**PER CURIAM:** H. H. VonHarten appeals the Administrative Law Court's (ALC) order affirming the Office of Motor Vehicle Hearings' (OMVH) decision to sustain the South Carolina Department of Motor Vehicles' (the Department) revocation of

VonHarten's driver's license and privileges.  On appeal, VonHarten argues (1) the ALC erred by affirming the admission of hearsay statements by a doctor under Rule 803(4), SCRE, (2) the ALC erred by affirming the OMVH's failure to consider reasonable, less restrictive alternatives to revocation, (3) the ALC erroneously relied on a ten-year-old driving citation in concluding VonHarten was unable to safely operate a vehicle, and (4) the OMVH erroneously gave greater weight to a doctor's letters than other evidence showing VonHarten passed all state requirements for licensing.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Jackson v. Speed*, 326 S.C. 289, 305, 486 S.E.2d 750, 758 (1997) ("The improper admission of hearsay is reversible error only when the admission causes prejudice."); *id.* ("Where the hearsay is merely cumulative to other evidence, its admission is harmless.").

As to Issue 2: S.C. Code Ann. § 56-1-370 (Supp. 2016) (providing that upon review of the Department's decision to suspend, cancel, or revoke a driver's license, the OMVH "shall either rescind the [D]epartment's order of suspension, cancellation, or revocation or, good cause appearing therefor, may continue, modify, or extend the suspension, cancellation, or revocation of the license"); *Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 484-85, 636 S.E.2d 598, 615 (2006) ("The requirements of procedural due process, usually deemed to apply in a contested case or hearing which affects an individual's property or liberty interest, generally include adequate notice, the opportunity to be heard at a meaningful time and in a meaningful way, the right to introduce evidence, the right to confront and cross-examine witnesses whose testimony is used to establish facts, and the right to meaningful judicial review."), *overruled on other grounds by Joseph v. S.C. Dep't of Labor, Licensing & Regulation*, 417 S.C. 436, 790 S.E.2d 763 (2016).

As to Issues 3 and 4: *S.C. Dep't of Motor Vehicles v. McCarson*, 391 S.C. 136, 144, 705 S.E.2d 425, 429 (2011) ("When reviewing a decision of the ALC, this [c]ourt's standard of review is governed by section 1-23-610 of the South Carolina Code."); S.C. Code Ann. § 1-23-610(B) (Supp. 2016) ("The court [of appeals] may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* ("The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon

unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *Friends of the Earth v. Pub. Serv. Comm'n of S.C.*, 387 S.C. 360, 366, 692 S.E.2d 910, 913 (2010) ("Substantial evidence is not a mere scintilla; rather, it is evidence which, considering the record as a whole, would allow reasonable minds to reach the same conclusion as the agency.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.