KONDUROS, J.:
**157 The South Carolina Department of Motor Vehicles (the DMV) appeals the administrative law court's (ALC's) determination that Michelle Dover's reckless driving conviction in Virginia did not constitute a major violation requiring her driver's license to be suspended under the habitual offender statute. We affirm as modified.
FACTS
Dover was convicted in South Carolina for driving under suspension (DUS) on August 14, 2012. Additionally, she pled guilty to driving under the influence (DUI) in South Carolina on August 12, 2014. On May 3, 2015, Dover was ticketed in Virginia for reckless driving. On July 21, 2015, she was convicted of the charge but did not appear before the Virginia court. Virginia reported this violation to the DMV on August 10, 2015, as "RECKLS DRV-SPEEDING EXCESS OF 80MPH-MISD" and with the "ACD Code" of "M84." The American Association of Motor Vehicle Administrators (AAMVA) Violations Exchange Code Dictionary (ACD) provides that M84 is the code for "reckless driving." 23 C.F.R. pt. 1327, app. A (2017). The DMV did not receive a copy of Dover's actual ticket.[1]
The DMV applied the Virginia conviction to Dover's driving record as a conviction for reckless driving, determined this was her third major violation, and suspended her license due **158 to it finding she met the requirements for being a habitual offender. Dover requested a contested case hearing with the Office of Motor Vehicles Hearings (OMVH), contending she should have been charged with speeding, not reckless driving, in Virginia. At the hearing, Dover did not dispute her two prior South Carolina convictions. She indicated that when she received the ticket in Virginia, she was driving ten miles over the speed limit and "was with the flow of traffic."
Following the hearing, the OMVH hearing officer rescinded Dover's suspension. The hearing officer determined because reckless driving was not listed as an offense in section 56-1-650 of the South Carolina Code, section 56-1-320 of the South Carolina Code applied.[2] The hearing officer determined the behavior for which Dover was convicted in Virginia, if she had committed it in South Carolina, would not have fallen under South Carolina's reckless driving statute. The hearing officer therefore found the DMV erred in using the conviction as a third major conviction to suspend Dover's license.
The DMV appealed to the ALC. The DMV argued the hearing officer erred in finding the DMV had made a discretionary decision to suspend Dover's license under section 56-1-320. It contended Dover's license was required to be suspended pursuant to section 56-5-1030. It also maintained it could rely on Virginia's categorization of the offense using the ACD Code for reckless driving.
The ALC affirmed the hearing officer's ruling as modified. It determined the hearing officer erred in finding the DMV's decision to suspend Dover's license was discretionary. The ALC also found the Virginia conviction was added to Dover's driving record pursuant to section 56-1-790 under a reciprocal agreement. The ALC held South Carolina *535 law requires "an out-of-state offense must be recorded as if it were a conviction under South Carolina law." It determined that because Dover asserted she was only going ten miles per hour over the speed limit, she would have been charged with speeding in South **159 Carolina, not reckless driving. Therefore, it found the hearing officer did not err in determining the DMV incorrectly suspended Dover's license. This appeal followed.
STANDARD OF REVIEW
"The OMVH has exclusive jurisdiction over contested cases involving habitual offenders. Decisions by the OMVH hearing officer must be appealed to the ALC." Davis v. S.C. Dep't of Motor Vehicles , 420 S.C. 98, 102, 800 S.E.2d 493, 495 (Ct. App. 2017) (citation omitted). "The [O]MVH is authorized to hear contested cases from the [DMV]. Thus, the [O]MVH is an agency under the Administrative Procedures Act." S.C. Dep't of Motor Vehicles v. McCarson , 391 S.C. 136, 144, 705 S.E.2d 425, 429 (2011) (citations omitted). " Section 1-23-610 of the South Carolina Code [ (Supp. 2017) ] sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency." S.C. Dep't of Motor Vehicles v. Holtzclaw , 382 S.C. 344, 347, 675 S.E.2d 756, 758 (Ct. App. 2009).
The review of the [ALC]'s order must be confined to the record. The court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact. The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is:
(a) in violation of constitutional or statutory provisions;
(b) in excess of the statutory authority of the agency;
(c) made upon unlawful procedure;
(d) affected by other error of law;
(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
S.C. Code Ann. § 1-23-610(B) (Supp. 2017).
"Substantial evidence, when considering the record as a whole, would allow reasonable minds to reach the same conclusion as the [ALC] and is more than a mere scintilla of evidence." Davis , 420 S.C. at 103, 800 S.E.2d at 495 (alteration **160 by court) (quoting Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles , 380 S.C. 600, 605, 670 S.E.2d 674, 676 (Ct. App. 2008) ). "The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence." Original Blue Ribbon Taxi Corp. , 380 S.C. at 605, 670 S.E.2d at 677 (quoting Olson v. S.C. Dep't of Health & Envtl. Control , 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008) ).
LAW/ANALYSIS
The DMV contends the ALC erred in affirming the OMVH hearing officer's reversal of Dover's suspension. The DMV asserts it can rely on Virginia's categorization of Dover's offense as reckless driving and as an ACD Code M84 conviction. Further, it maintains public policy demands Dover's suspension be upheld because the DMV does not have the resources to investigate every M84 conviction from Virginia. We disagree.[3]
*536 "Questions of statutory interpretation are questions of law, which this [c]ourt is free to decide without any deference **161 to the tribunal below." Duke Energy Corp. v. S.C. Dep't of Revenue , 415 S.C. 351, 355, 782 S.E.2d 590, 592 (2016). "The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the legislature." Centex Int'l, Inc. v. S.C. Dep't of Revenue , 406 S.C. 132, 139, 750 S.E.2d 65, 69 (2013) (quoting Sloan v. Hardee , 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007) ). "[W]e must follow the plain and unambiguous language in a statute and have 'no right to impose another meaning.' " Grier v. AMISUB of S.C., Inc. , 397 S.C. 532, 535-36, 725 S.E.2d 693, 695 (2012) (quoting Hodges v. Rainey , 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ).
"[T]he [O]MVH is an agency under the Administrative Procedures Act." S.C. Dep't of Motor Vehicles v. McCarson , 391 S.C. 136, 144, 705 S.E.2d 425, 429 (2011) (citations omitted). "[T]he deference doctrine ... provides that whe[n] an agency charged with administering a statute or regulation has interpreted the statute or regulation, courts, including the ALC, will defer to the agency's interpretation absent compelling reasons." Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control , 411 S.C. 16, 34, 766 S.E.2d 707, 718 (2014). "We defer to an agency interpretation unless it is 'arbitrary, capricious, or manifestly contrary to the statute.' " Id. at 34-35, 766 S.E.2d at 718 (quoting Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc. , 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ). "The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence." S.C. Dep't of Motor Vehicles v. Nelson , 364 S.C. 514, 519, 613 S.E.2d 544, 547 (Ct. App. 2005).
The South Carolina Code provides that for convictions[4] required to be reported to other states under the Driver License Compact "a member state shall give the same effect **162 to the report as if the conviction had occurred in that state. For a conviction that is not required to be reported under subsection (A), the provisions of [s]ection 56-1-320 shall govern the effect of the reported conviction in this [s]tate." S.C. Code Ann. § 56-1-650(C) (2018).
The DMV argues subsection 56-1-320(A) of the South Carolina Code (2018) is relevant to the determination of this case but acknowledges a reckless driving conviction alone does not lead to a license suspension. That subsection allows the DMV the discretion to "suspend or revoke the license ... upon receiving notice of the conviction of the person in another state of an offense therein which, if committed in this [s]tate, would be grounds for the suspension or revocation of the South Carolina license." § 56-1-320(A). Consequently, it is not determinative of the outcome in this case.
"When a person is convicted of one or more of the offenses listed in [s]ection 56-1-1020[ ]... [of the South Carolina Code (2018) ], the [DMV] must review its records for that person." S.C. Code Ann. § 56-1-1030(A) (2018). "If the [DMV] [then] determines ... the person is a[ ] habitual offender as defined in [s]ection 56-1-1020, the [DMV] must revoke or suspend the person's driver's license." Id.
When a trial judge finds the individual before him is a[ ] habitual offender, he "shall direct that the person not operate a *537 motor vehicle on the highways of this [s]tate and [that he] surrender to the court his driver's license or permit." S.C. Code [Ann.] § 56-1-1070 (1976). The statute is clear and explicit; it leaves no room for construction. The [c]ourt must therefore apply it literally. Taken literally, the word "shall" is mandatory. We hold therefore that the Habitual Offender Act requires the judge to impose its penalty when ... he finds the individual before him is a[ ] habitual offender.
State v. Foster , 277 S.C. 211, 212, 284 S.E.2d 780, 780 (1981) (third alteration by court) (citations omitted).
Section 56-1-1020 defines a habitual offender as "any person whose record as maintained by the [DMV] shows that he has accumulated the convictions for separate and distinct offenses described in subsections (a), (b) and (c) committed during a three-year period." Under subsection (a), to meet the definition of a habitual offender, a person must have three or more **163 convictions for offenses including "(2) [o]perating or attempting to operate a motor vehicle while under the influence of intoxicating liquor, narcotics or drugs; (3) [d]riving or operating a motor vehicle in a reckless manner ;" and "(4) [d]riving a motor vehicle while his license, permit, or privilege to drive a motor vehicle has been suspended or revoked, except a conviction for driving under suspension for failure to file proof of financial responsibility." § 56-1-1020(a) (emphasis added). These offenses "include offenses under any federal law, any law of another state or any municipal or county ordinance of another state substantially conforming to the above provisions. " § 56-1-1020(c) (emphases added).
"The Driver License Compact is a multi-state law under which the participating states exchange information relating to convictions of drivers licensed in member states." Przybyla v. S.C. Dep't of Highways & Pub. Transp. , 313 S.C. 116, 118 n.1, 437 S.E.2d 70, 71 n.1 (1993). "[T]he compact provides that the conduct leading to an out-of-state conviction will be treated as if the conduct had occurred in the driver's home state." Draeger v. Reed , 69 Cal.App.4th 1511, 82 Cal.Rptr.2d 378, 381 (1999) (quoting The Driver License Compact and The Vehicle Equipment Safety Compact (1962) pp. 3-4). Under the compact, "upon receiving an out-of-state conviction report ... a home state's responsibility is to determine whether the conduct underlying the conviction requires the imposition of a suspension." Roselle v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing , 865 A.2d 308, 311 (Pa. Commw. Ct. 2005).
In an appendix, the Code of Federal Regulations includes an abridged listing of the AAMVA Violations Exchange Code, used by the National Driver Register (NDR) for Recording Driver License Denials, Withdrawals, and Convictions of Motor Vehicle-Related Offenses. 23 C.F.R. pt. 1327, app. A (2017). The ACD "is an interpretive tool" for states participating in the Driver License Compact "to 'translate' the nature of the conviction reported by a sister state." Hyer v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing , 957 A.2d 807, 810 (Pa. Commw. Ct. 2008). The ACD "is not a reciprocal agreement, arrangement or declaration.... It is a federal regulation promulgated through the federal process **164 ...." Taddei v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing , 982 A.2d 1249, 1252 (Pa. Commw. Ct. 2009) (citation omitted). The following are included in the ACD: "M80 Reckless, careless, or negligent driving[;] M81 Careless driving[;] M82 Inattentive driving[;] M83 Negligent driving[; and] M84 Reckless driving." 23 C.F.R. pt. 1327, app. A.
In the present case, the ALC found "[a]dministrative codes, such as those used by motor vehicle agencies, are for convenience and are not meant to supersede or replace statutory law." The ALC relied on a case from this court, State v. Bennett , 375 S.C. 165, 650 S.E.2d 490 (Ct. App. 2007), as support for that finding. That case looked at codes created as computer shortcuts for criminal statutes, explaining:
CDR codes are four digit numerical codes [that] represent the criminal offenses created by the South Carolina General Assembly and common law. The codes were developed in the late 1970[ ]s in a collaborative effort between the South Carolina Justice Department (SCJD), [the Department *538 of Probation, Parole and Pardon Services], and [the South Carolina Department of Corrections]. They were created at a time when computer systems had limited memory and did not have the capacity to maintain references to specific statutes [that] could contain many digits. The shorter CDR codes saved computer space and provided a consistent administrative shortcut to be used by all three departments.
Id. at 172-73, 650 S.E.2d at 494-95 (footnote and citations omitted).
This court determined in Bennett the CDR codes could not be relied on over a statute, finding:
While the codes were developed and are used to provide an administrative shortcut, they were never intended to replace statutory law. The codes are normally listed after the statute on all warrants, indictments, and sentencing sheets. As the SCJD's website explains, the elements of a crime, its penalties and other related matters are governed by the Code of Laws and the common law alone.... The website further states in a disclaimer, "[t]he South Carolina Code of Laws is the controlling authority for classifications, definitions **165 and penalties for criminal offenses, and the statute itself should always be consulted. "
Id. at 173, 650 S.E.2d at 495 (last alteration and emphasis added by court) (citations omitted) (quoting South Carolina Judicial Department, CDR Codes Frequently Asked Questions, http://www.sccourts.org/cdr/userInstructions.htm)
The document Virginia sent to the DMV that reported Dover's conviction includes under the heading "NATIVE CONV CODE" the code A46.2-86. The report also states under Reason for Conviction "RECKLS DRV-SPEEDING EXCESS OF 80MPH-MISD." Presumably, this refers to section 46.2-862 of the Virginia Code. That section of the Virginia Code contains the heading "Exceeding speed limit" and provides:
A person shall be guilty of reckless driving who drives a motor vehicle on the highways in the Commonwealth (i) at a speed of twenty miles per hour or more in excess of the applicable maximum speed limit or (ii) in excess of eighty miles per hour regardless of the applicable maximum speed limit.
Va. Code Ann. § 46.2-862 (2017).
Article 7, Chapter 8, Subtitle III, of Title 46.2 of the Virginia Code is entitled "Reckless Driving and Improper Driving." This article contains fourteen statutes involving what the Virginia legislature has termed reckless driving. Va. Code Ann. §§ 46.2-852 to -865 (2017). The first of those fourteen statutes is entitled "Reckless driving; general rule" and provides, "Irrespective of the maximum speeds permitted by law, any person who drives a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving." Va. Code Ann. § 46.2-852 (2017).
Section 46.2-868 of the Virginia Code is entitled "Reckless driving; penalties" and provides:
A. Every person convicted of reckless driving under the provisions of this article is guilty of a Class 1 misdemeanor.
....
C. The punishment for every person convicted of reckless driving under the provisions of this article who, when he **166 committed the offense, was in violation of § 46.2-1078.1 shall include a mandatory minimum fine of $250.
Va. Code Ann. § 46.2-868 (2017).
South Carolina has only one statute defining reckless driving. That statute provides:
Any person who drives any vehicle in such a manner as to indicate either a wilful or wanton disregard for the safety of persons or property is guilty of reckless driving. The [DMV], upon receiving satisfactory evidence of the conviction, of the entry of a plea of guilty or the forfeiture of bail of any person charged with a second and subsequent offense for the violation of this section shall forthwith suspend the driver's license of any such person for a period of three months. Only those offenses [that] occurred within a period of five years including and immediately preceding the *539 date of the last offense shall constitute prior offenses within the meaning of this section. Any person violating the provisions of this section shall, upon conviction, entry of a plea of guilty or forfeiture of bail, be punished by a fine of not less than twenty-five dollars nor more than two hundred dollars or by imprisonment for not more than thirty days.
S.C. Code Ann. § 56-5-2920 (2018) (emphasis added).
As provided above, reckless driving is not one of the four categories of offenses listed in section 56-1-650(A) that are required to be reported by other states in the Driver License Compact. Therefore, section 56-1-650(C) necessitates we turn to section 56-1-320. Section 56-1-320(A) states the DMV "may, in its discretion, suspend or revoke the license of any resident of this [s]tate ... to drive a motor vehicle in this [s]tate upon receiving notice of the conviction of the person in another state of an offense therein which, if committed in this [s]tate, would be grounds for the suspension or revocation of the South Carolina license." Even assuming the statute of which Dover was convicted in Virginia was equivalent to our reckless driving statute, section 56-1-320(A) -which the DMV argues should have been applied-does not apply because a reckless driving conviction by itself is not grounds for suspension in South Carolina. Accordingly, these two statutes are not pertinent to the situation here. Instead, we look to section 56-1-1020, which defines a habitual offender. Section 56-1-1020 **167 defines a habitual offender as a driver who has been convicted at least three times in a three-year period of certain offenses, including reckless driving, DUS, and DUI. Dover admits her prior two convictions fall into these categories. Section 56-1-1020 further specifies the offenses provided "include offenses under ... any law of another state substantially conforming to the above provisions." § 56-1-1020(c) (emphasis added)
Section 56-1-1030(A) mandates "[w]hen a person is convicted of one or more of the offenses listed in [s]ection 56-1-1020(a), (b), or (c), the [DMV] must review its records for that person. If the [DMV] determines after review of its records that the person is a[ ] habitual offender as defined in [s]ection 56-1-1020, the [DMV] must revoke or suspend the person's driver's license." The question presented here is whether Dover's Virginia conviction substantially conforms to any offenses listed in section 56-1-1020(a), thus requiring the DMV to review its records to determine if she meets the definition of a habitual offender. The only offense in section 56-1-1020(a) relevant to the offense here is "driving in a reckless manner." The South Carolina reckless driving statute provides, "Any person who drives any vehicle in such a manner as to indicate either a wilful or wanton disregard for the safety of persons or property is guilty of reckless driving." § 56-5-2920.
The DMV argues because the offense is titled by Virginia as reckless driving and Virginia reported it to South Carolina using the ACD code for reckless driving, the DMV determined Dover had been convicted of reckless driving, triggering review. Virginia reported the conviction under ACD code M84, which only states "reckless driving." The only other ACD code that includes the term reckless driving is M80, which is for "Reckless, careless, or negligent driving."
The problem is the difference in the definition of reckless in South Carolina versus Virginia statutory nomenclature. As previously set forth, South Carolina has one reckless statute and Virginia has fourteen. The ALC determined the DMV could not simply rely on the code at face value alone. We find the ALC correctly upheld the hearing officer's rescinding Dover's license suspension because section 46.2-862 of the Virginia Code does not substantially conform to South Carolina's **168 reckless driving statute. While our reckless driving statute requires a willful or wanton disregard for safety, the Virginia statute under which Dover was charged simply requires a driver to be driving over eighty miles per hour to be in violation of that statute. The hearing officer, which is considered the agency in this case, found the offense for which Dover was convicted would not have been considered reckless driving in South Carolina but rather section 56-5-1520(B)(1) of the South Carolina Code, speeding. See *540 McCarson , 391 S.C. at 144, 705 S.E.2d at 429 ("[T]he [O]MVH is an agency under the Administrative Procedures Act."). This interpretation was not "arbitrary, capricious, or manifestly contrary to the statute."See Kiawah Dev. Partners, II , 411 S.C. at 34-35, 766 S.E.2d at 718 ("[W]he[n] an agency charged with administering a statute or regulation has interpreted the statute or regulation, courts, including the ALC, will defer to the agency's interpretation absent compelling reasons. We defer to an agency interpretation unless it is 'arbitrary, capricious, or manifestly contrary to the statute.' " (quoting Chevron, U.S.A., Inc. , 467 U.S. at 844, 104 S.Ct. 2778 ) ). Therefore, we defer to the hearing officer's interpretation.
As to the DMV's argument that it does not have the resources to research each M84 violation from Virginia to determine which reckless driving statute applies, we note that here, the report from Virginia specifically noted Dover was charged with going over eighty miles per hour, thus no investigation was necessary. Further, this court can only apply the statute as written, and the statute requires the offense substantially conform.[5]
**169 CONCLUSION
The ALC's order is
AFFIRMED AS MODIFIED.
SHORT and GEATHERS, JJ., concur.

At the hearing in front of the hearing officer, the DMV stated Dover was convicted of section 46.2-862 of the Virginia Code. The DMV also indicated this in its memorandum of law to the hearing officer. The hearing officer found she was charged with that section.

Section 56-1-320(A) of the South Carolina Code (2018) provides the DMV "may, in its discretion, suspend or revoke the license of any resident of this State ... to drive a motor vehicle in this [s]tate upon receiving notice of the conviction of the person in another state of an offense therein which, if committed in this [s]tate, would be grounds for the suspension or revocation of the South Carolina license."

Initially, the DMV argues the ALC erred in relying on section 56-1-790 of the South Carolina Code, instead of sections 56-1-650 and -320 of the South Carolina Code. "[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration." Brown v. S.C. Dep't of Health & Envtl. Control , 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002). Our supreme court has held an appellant's failure "to file a motion for reconsideration or a motion to alter or amend the judgment pursuant to [SCALC] Rules 29 or 68 ... or Rules 59(e) or 60, SCRCP," renders review of an issue first arising from the ALC's final order unpreserved for the supreme court's review. Risher v. S.C. Dep't of Health & Envtl. Control , 393 S.C. 198, 208, 712 S.E.2d 428, 433 (2011). The DMV did not file a Rule 59(e), SCRCP, or a SCALC Rule 29(D) motion for reconsideration to call the ALC's attention to its purported improper reliance on section 56-1-790. Additionally, "a party may not complain on appeal of error ... which his own conduct has induced." Erickson v. Jones St. Publishers, LLC , 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006). The DMV admits it erroneously cited this section as applying in its brief to the ALC. Accordingly, the DMV's argument the ALC incorrectly relied on this section is unpreserved. However, our ruling as to this issue does not preclude our discussing the interplay and applicability of these code sections in our analysis as they are part of the record, and we may affirm for any reason appearing in the record. See Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the Record on Appeal.").

The statute requires a state belonging to the Driver License Compact to report to another member state a conviction for (1) manslaughter or homicide resulting from operating of a motor vehicle; (2) DUI; (3) a felony if a motor vehicle is used in the commission; or (4) failure to stop and render aid for a motor vehicle accident resulting in the death or personal injury of another. S.C. Code Ann. § 56-1-650(A) (2006). South Carolina joined the Compact in 1987 and Virginia joined in 1968. See National Center for Interstate Compacts, Driver License Compact, Member States, http://apps.csg.org/ncic/Compact.aspx?id=56 (last visited Mar. 12, 2018).

The DMV also argues the OMVH hearing officer erred in finding the DMV's decision to suspend Dover's license was discretionary. The ALC reversed the OMVH hearing officer's finding the DMV's decision to suspend Dover's license was discretionary. " 'Only a party aggrieved by an order, judgment, sentence[,] or decision may appeal.' If a party prevails on an issue below, the party is not an aggrieved party with respect to those rulings, and thus, the party may not appeal those issues." Davis v. S.C. Dep't of Motor Vehicles , 420 S.C. 98, 103-04, 800 S.E.2d 493, 495 (Ct. App. 2017) (alteration by court) (quoting Rule 201(b), SCACR ). In Davis , this court declined to address an issue on which the ALC had ruled in the DMV's favor because the DMV was not an aggrieved party and thus was not entitled to appeal that issue. Id. at 104, 800 S.E.2d at 495-96. In the present case, because the ALC reversed this finding by the hearing officer, the DMV was not aggrieved by it and we do not need to review it.